HARRY GILMORE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa March 26, 1888.*

1. CRIMINAL LAW—*threats—as justifying the taking of life.* Threats of personal injuries, or even against the life of another, will not justify the latter in taking the life of the person who has made such threats, when he is doing nothing to put them into execution.

2. INSTRUCTIONS—*the whole series to be considered.* This court may well omit to consider a great number of instructions in detail, when it can see, from the whole series read together, as they should be, that the jury have been fully and fairly advised as to the law applicable to the facts they are called to consider.

3. SAME—*numerous instructions—not approved.* The practice of asking a great many instructions upon every conceivable phase of the law is a pernicious one, as, if given, they will tend rather to confuse than to enlighten the jury.

4. NEW TRIAL—*newly discovered evidence.* A new trial will not be granted for the purpose of permitting the introduction of newly discovered evidence, which is merely cumulative.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. MUNN & WHEELER, for the plaintiff in error.

Mr. GEORGE HUNT, Attorney General, and Mr. JULIUS S. GRINNELL, State's Attorney, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

At the April term, 1881, of the Criminal Court of Cook ·county, Harry Gilmore was indicted for the murder of George McBride. It seems he was not tried for the offence until the January term, 1887, of that court. On the trial he was found guilty of murder, in manner and form as charged in the indictment, and the punishment he should suffer fixed at thirty years in the penitentiary. The motion entered for a new trial, supported in part by affidavits alleging the discovery of new and important testimony, was overruled by the court, and judgment pronounced on the verdict.

Although numerous errors are assigned upon the record, ·only a brief discussion of the principal ones will be necessary. It is not denied that defendant fired the fatal shot that caused the death of the party alleged to have been murdered. It can not be claimed, with any show of reason, the killing was done in self-defence, or for any other cause that would wholly excuse the act of defendant. The fact the deceased may have made threats of personal violence against the accused, does not afford the slightest justification for the killing, under the ·circumstances under which it was done. The idea that threats of personal injuries, or even against the life of another, will justify taking the life of the party making them, when he is doing nothing to put such threats into execution or to do other wrong, is not to be tolerated. Human life is entitled to better security, and the law gives no sanction to any such doctrine. The only possible question that can arise on the merits of this ·case is, whether the circumstances in evidence would reduce the offence below the grade of murder, of which crime defendant was found guilty. As is usual in such trials, this record ·contains much contradictory testimony. Even among the witnesses that were present and witnessed the affray, there is much contrariety of statements. There was testimony given, if the jury believed it to be worthy of credit, that would war-

rant the verdict of guilty of murder. Even if the jury considered no testimony other than that of defendant himself, this court would hesitate before it would declare the verdict was not sustained by the evidence. Ordinarily, it is the province of the jury, in all criminal cases, to weigh the evidence, to give credit to such testimony as they may deem worthy of belief, and their verdict is usually accepted as the correct conclusion to be drawn therefrom. On a careful consideration of the evidence in this case, no reason is perceived for departing from this general rule, and no reason appears sufficient to warrant. a reversal of the judgment on the ground it is not sustained by the evidence. The facts in this case bear no analogy whatever to the facts in *Silgar* v. *The People,* 107 Ill. 563, cited so confidently by counsel for defendant, and that case is therefore no authority for the reversal of this judgment.

At the trial, the court refused some instructions as to the law, asked on behalf of defendant, and modified others, and the action of the court in that respect is assigned for error.. It is seen the court gave a very great number of instructions, both on behalf of the People and on behalf of defendant. No complaint is made as to the charges given on behalf of the People, and it will be assumed they state the law applicable to the facts with sufficient accuracy. In the great number of charges,—perhaps twenty in all,—given at the instance of defendant, the law is stated quite as liberally as is allowable for the defence defendant was endeavoring to make. There is no ground for just complaint on that score. It will be seen, on a close reading, the substance of the refused instructions was. contained in some one or more of the charges that were given. Nor is it perceived there was anything hurtful to the defence in. the modification of instructions asked on behalf of defendant.. It would be a work of very great labor to comment separately upon every objection insisted upon as to the modifications of instructions, and it would answer no useful purpose when done. Such a work may well be omitted when the court can see, from

the whole series of instructions, when read together, as they should be, the jury have been fully and fairly advised as to the law applicable to the facts they are to consider. The principles of law applicable to the facts of this case are very few, and may be readily understood by any one, and might have been stated in a few concise and clearly expressed propositions. The practice of asking so many charges to the jury, upon every conceivable phase of the law, is a pernicious one, and should the court give them, the effect would be to confuse, rather than to enlighten, the jury as to the true issues involved. In the present case, more instructions were given for defendant than the nature of the case required, and as they stated the law very favorably for the defence he was endeavoring to make, there is no just ground for complaint in respect to refusing or modifying instructions.

The testimony alleged to have been discovered since the trial, if produced, would simply be cumulative to that already in the record, and the practice is well settled, in this State at least, by the previous decisions of this court, that a new trial will not be granted for the purpose of permitting the introduction of such additional evidence,—otherwise, it would be necessary to grant a new trial in almost every case, and few convictions would be permitted to stand. On looking into this record, it is seen defendant has had a fair and impartial trial, that he was afforded the fullest opportunity to make whatever defence he had to the charge alleged against him, and if he is now to suffer the penalty imposed by the verdict of the jury, it can only be attributed to his guilty conduct, from the consequences of which he could hardly expect to escape.

The judgment of the Criminal Court must be affirmed.

*Judgment affirmed.*