(No. 29740.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAYMOND BELCHER, Plaintiff in Error.

*Opinion filed November 20, 1946.*

HAROLD J. BANDY, of East St. Louis, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and LOUIS P. ZERWECK, State's Attorney, of Belleville, for the People.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error was indicted for the crime of murder in St. Clair county, charged with killing one Charles Spurgeon by shooting, and upon trial by a jury was convicted of the crime of manslaughter. The court sentenced him to serve a term in the penitentiary of not less than ten years nor more than fourteen years.

The errors assigned require a statement of the facts. On November 11, 1945, the defendant entered a tavern carrying a pistol in his hand and fired one shot into the ceiling and one at Spurgeon, causing his death. The defendant claims the day before he had gone to a place called the Toddle Inn, and a man by the name of Joe Callahan fired a shot at him. With Callahan at that time was a person by the name of Carl Grafe, who went by the name of Rex.

Defendant testified he left the Toddle Inn and went home and procured a pistol from one Frank Kelly with which to protect himself; that he put it in his taxicab. The following night he went to a tavern named the Club Crescent, and while in there saw the witness Grafe, known as Rex, and also the deceased. He testified that when he went to the bar "something hit me in the side and I looked over at him [the deceased.] * * * He said: 'I'll get you before it is over with.' He told me I had better leave. * * * I was afraid. * * * I didn't have a weapon with me. * * * He kept that up about a minute or so. I went out to the cab and got the gun to protect myself. * * * When I walked back into the tavern the pistol was in my hand. The man started on me right away. I told him to get back and leave me alone. * * * I couldn't tell what he said. I shot in the air once to drive him back. That bullet went in the ceiling. * * * I was in fear of him. * * * I do not know whether he was armed. I would not let him get near me. * * * I shot him. I fired once."

Later he struggled with Rex and the gun was taken from him, and he was arrested by two officers. At the police station he signed a written statement. In the written statement, among other things, he said that the night before, when Callahan had shot at him, he got the pistol and went down to the Toddle Inn, and if Rex or Joe Callahan had come out he would have killed them. At the time of the shooting the tavern was crowded, and a number of witnesses testified, but there is no evidence to show that the deceased made an assault upon the defendant, and nobody heard any argument. Most of the details of the homicide come from the defendant himself.

The points raised by plaintiff in error are as follows: The evidence does not show the defendant guilty beyond a reasonable doubt, but does show the defendant acted in necessary self-defense; the court erred in giving instructions; and that the statute authorizing the court to

fix the minimum and maximum years of punishment is unconstitutional.

By the defendant's own testimony the evidence shows he shot and killed the deceased. This being true, the statute throws upon the defendant the burden of showing the shooting was justifiable, unless the proof on the part of the prosecution shows the crime only amounts to manslaughter, or that the accused was justified in committing the homicide. (Ill. Rev. Stat. 1945, chap. 38, par. 373.) We find nothing in the facts which justifies the claim of self-defense. He claims the night before he had been shot at by a man by the name of Callahan, an entirely different person from the deceased; he procures a pistol; the next night goes into the Club Crescent and goes to the bar, and while standing there is punched in the ribs by a man next to him, who, he says, threatened him; he leaves the bar, goes out to his taxicab and procures a pistol, and comes in and kills this man, and justifies the killing by saying he was afraid of him. We find no element of self-defense here, and very little justification for a verdict of manslaughter. In *People* v. *Tillman,* 383 Ill. 560, in discussing the right to kill in self-defense, we said: "Threats of personal injuries or even against the life of another will not justify the latter in taking the life of a person who has made such threats, when he is doing nothing to put them into execution. (*Gilmore* v. *People,* 124 Ill. 380.) A person who seeks and brings on an assault and who, when he finds the person assaulted is armed and ready to defend himself, produces a weapon and kills him, cannot escape the consequences of the killing by setting up a claim of self-defense. *People* v. *Grosenheider,* 266 Ill. 324." On a question of fact the jury was amply justified in finding plaintiff in error guilty, even though they found the crime manslaughter instead of murder.

The principal objections to the instructions are as to Nos. 2 and 6, given upon the theory of self-defense: In-

struction No. 2 concluded: "It must appear that the circumstances were sufficient to excite the fears of a reasonable person, and that the party killing really acted under the influence of those fears, and not in a spirit of revenge." Undoubtedly in a proper case the giving of such an instruction is error, (*People* v. *Edwards,* 389 Ill. 563,) but the facts, even as testified to by plaintiff in error, do not justify the giving of any instruction upon the theory of self-defense.

We have held that where the evidence does not support a claim of self-defense, an inaccurate instruction upon self-defense is not ground for reversal. (*People* v. *Booker,* 378 Ill. 334.) It is also the law that a defendant cannot complain of error in an instruction when his own instructions in substance contain the same error. Defendant's instruction No. 7 contains almost the identical statement of self-defense contained in instructions given on behalf of the People. It contained the following: "If you believe from the evidence in this case that the defendant shot the deceased in his necessary self-defense he is not guilty of the crime charged in the indictment and you should find him not guilty." Nothing is said in this instruction about the right to kill in self-defense upon apparent danger to the defendant. In *People* v. *McGown,* 388 Ill. 347, we held a defendant cannot successfully complain of error in an instruction where the same error is in substance contained in an instruction offered by him, and given by the court.

Finally, the plaintiff in error claims that the act of 1943 amending the Parole Act by authorizing the trial court to fix the minimum and maximum sentence is unconstitutional, and urges that *People* v. *Roche,* 389 Ill. 361, does not fully decide the question. However, at the September term of this court the identical point raised by plaintiff in error was decided in the case of *People* v. *Burnett,* 394 Ill. 420, in which we held the said amendment was valid. The evidence in this case showed beyond a reasonable doubt that the defendant, the night before, purchased a pistol with

the avowed intention of killing another person if he met him, and upon the night of the homicide, with no assault other than that caused by crowding at the bar in the tavern, goes outside to his taxicab, procures a pistol, goes back in the room with pistol in hand, and claims because he was afraid, he shot and killed the deceased. Such facts do not present any justification for the claim of self-defense, nor the contention that the instructions upon self-defense were erroneous, where it does not appear from the evidence that such claim can be made.

The judgment of the circuit court of St. Clair county is correct, and its judgment is accordingly affirmed.

*Judgment affirmed.*