THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* REGINALD HAWKINS, Defendant-Appellant.

Fifth District   No. 5—83—0369

Opinion filed June 12, 1984.

Daniel D. Yuhas and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

Gloria E. Thurston, State's Attorney, of Mound City (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

Judgment was entered on jury verdicts that found the defendant, Reginald Hawkins, guilty of misdemeanor theft, robbery, residential burglary and two counts of home invasion. On appeal defendant contends (1) that judgments should not have been entered on both home-invasion verdicts as only one entry was made, and (2) that the conviction for residential burglary should be vacated as that conviction was based on the same entry which underlay the conviction for home inva-

sion. We consider these contentions in reverse order.

On the evening of January 18, 1983, defendant and Donald Tate kicked down the back door of Anthony Pope's residence after Mr. Pope had refused to allow them entry. In the residence with Mr. Pope was a friend, Kim Banks, who was visiting. After forcing Ms. Banks into Mr. Pope's bedroom, defendant twice hit her in the jaw while Tate struck Mr. Pope in the side with a hammer. Subsequently, Tate grabbed Pope while defendant took money from Pope's pocket. Tate and defendant also carried away food from Pope's refrigerator.

Count I alleged that Pope was the recipient of injuries during the home invasion, while count III alleged that Banks was the recipient of injuries during the home invasion. Count IV alleged that defendant committed residential burglary with the intent to commit a theft.

Section 12—11 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 12—11) provides:

> "(a) A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present and
>
> (1) While armed with a dangerous weapon uses force or threatens the imminent use of force upon any person or persons within such dwelling place whether or not injury occurs, or
>
> (2) Intentionally causes any injury to any person or persons within such dwelling place.
>
> (b) Sentence. Home invasion is a Class X felony."

Section 19—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 19—3) provides:

> "A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft.
>
> (b) Sentence. Residential burglary is a Class 1 felony."

■ In *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 845, the supreme court held that "when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, [multiple] convictions with concurrent sentences can be entered." The dispositive question pertinent to defendant's contention, therefore, is whether residential burglary is "by definition," a lesser included offense of home invasion. We hold that residential burglary requires a different mental element than home invasion and therefore is not a lesser included offense.

This conclusion is based on the applicable law which provides that to be a lesser included offense, the greater offense must include *every element* in the lesser offense plus one or more elements; the lesser offense cannot have any element that is not included in the greater one. In other words, it is impossible to commit the greater offense without necessarily committing the lesser also. Depending on the facts underlying a home-invasion charge, a residential burglary may or may not be simultaneously committed by an offender.

■ In the case at bar, the elements of residential burglary are satisfied by defendant's unauthorized entry into the victim's house (regardless of his "knowledge" of the victim's presence) as long as he at the time had the intent to commit a theft or a felony. By definition, however, home invasion does not require that a person have a felonious intent or an intent to steal at the time he or she enters a dwelling without authority. The only "intent" requirement is that the offender have "knowledge" or "reason to know" that a person is present in the dwelling. The home-invasion offense is not completed until the offender, armed with a dangerous weapon, either uses or threatens force against the person (Ill. Rev. Stat. 1981, ch. 38, par. 12—11(a)(1)) or injures him. (Ill. Rev. Stat. 1981, ch. 38, par. 12—11(a)(2).) Therefore, it would appear that every element of residential burglary is not included in home invasion.

Moreover, it would be possible to commit home invasion without committing a residential burglary if, for example, the offender entered a house, knowing someone was there, but had no intent to steal or commit a felony. If the offender has, as in the case at bar, struck the house's occupant with a hammer (battery) and then left, the elements of home invasion would be present but not those of residential burglary. (*People v. Pavic* (1982), 104 Ill. App. 3d 436, 432 N.E.2d 1074; see also *People v. Lobdell* (1983), 121 Ill. App. 3d 248, 459 N.E.2d 260.) We conclude that the facts of the case at bar support separate convictions for home invasion and residential burglary.

■ Although home invasion and residential burglary are two separate offenses that have certain similarities, the primary concern in a burglary indictment is the unlawful entry (*People v. Peck* (1963), 29 Ill. 2d 480, 194 N.E.2d 245; *People v. Scott* (1969), 43 Ill. 2d 135, 251 N.E.2d 190). The defendant accordingly focuses on the entry aspect of home invasion to support his argument that only one crime is committed if there is only one entry, regardless of the number of victims injured, while the State focuses on the number of victims aspect of the offense. In our opinion the single entry, although coupled with the injury of more than one occupant in the dwelling, constituted but a sin-

gle offense, and only one sentence should have been imposed. The statute provides that the defendant must know or have reason to know that "one or more" persons is present when entry is made and intentionally causes injury to any "person or persons" therein. Thus, by use of the plural "persons" the statute expressly contemplates one offense although there is more than one person within a dwelling at entry and more than one person is threatened with the imminent use of the force of a deadly weapon or intentional injury is inflicted on more than one person.

The home-invasion statute stands in contrast to the armed-robbery statute. Under the latter, multiple convictions have been affirmed on the basis of multiple victims during one incident. (*People v. Butler* (1976), 64 Ill. 2d 485, 356 N.E.2d 330; *People v. Thomas* (1977), 67 Ill. 2d 388, 367 N.E.2d 1281.) The armed-robbery statute refers to taking property from the person or presence of another. (Ill. Rev. Stat. 1981, ch. 38, par. 18—2.) But the home-invasion statute refers to "person or persons" as potential victims, while armed robbery refers to "person," which indicates that only one offense can be carved from one entry in home invasion regardless of the number of victims. The legislature titled the offense "Home Invasion," focusing on the entry aspect of the crime, rather than on the number of victims within. See also *People v. Scott* (1969), 43 Ill. 2d 135, 251 N.E.2d 190, in which petitioner had been convicted of three counts of burglary, each charging the intent to commit three separate crimes. In *Scott*, the supreme court focused on the unlawful entry aspect and vacated two of the burglary convictions.

For the reasons stated in this opinion, we remand this cause to the circuit court of Pulaski County to vacate the judgment and sentence on one of the home-invasion counts.

Affirmed in part, vacated in part and remanded with directions.

WELCH, P.J., and KASSERMAN, J., concur.