THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KEVIN L. CARPENTER, Defendant-Appellee.

Fifth District    No. 5—88—0793

Opinion filed September 23, 1991.—Rehearing denied November 12, 1991.

Kathleen M. Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Ronald A. Niemann, of Centralia, for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Kevin Carpenter was charged in the circuit court of Jefferson County with four counts of home invasion and one count of residential burglary. A summary of the facts adduced at trial is as follows. The defendant forced his way into the residence of Ted Steele, with whom

the defendant's ex-wife, Debra Carpenter, was living. The defendant was armed with a shortened baseball bat. Debra went to the kitchen to call the police, but the defendant followed and smashed the phone with the bat. Defendant then turned to Steele, who was standing behind him, and struck Steele. Debra then grabbed the bat and struggled with the defendant. Defendant released the bat, but when he did, it struck Debra.

Counts I through IV of the information charged the defendant with home invasion, while count V charged the defendant with the offense of residential burglary. Count I alleged defendant intentionally injured Ted Steele. Count II alleged defendant intentionally injured Debra Carpenter. Count III alleged defendant used force against Debra Carpenter while armed with a dangerous weapon. Count IV alleged defendant used force against Steele while armed with a dangerous weapon. Count V alleged that defendant knowingly and without authority entered Steele's residence with the intent to commit criminal damage to property in an amount over $300.

At the conclusion of the State's presentation of evidence, defendant moved for dismissal of count V, charging residential burglary. Defendant argued that no evidence had been presented that defendant entered Steele's residence with intent to commit a felony. In response the court only stated, "I'm going to order Count V stricken."

The jury was instructed on counts I through IV and on the lesser-included offenses of battery and criminal trespass to a residence (Ill. Rev. Stat. 1987, ch. 38, pars. 12—3, 19—4). However, the verdict forms given to the jury were mislabelled: the verdict form for count III was labelled "(Count IV)," and the verdict form for count IV was labelled "(Count III)." In addition, although two separate instructions properly defined the alternative ways of committing home invasion, i.e., use or threat of force while armed with a dangerous weapon (counts III and IV) or intentional injury (counts I and II) (Ill. Rev. Stat. 1987, ch. 38, pars. 12—11(a)(1), (a)(2); Illinois Pattern Jury Instructions, Criminal, No. 11.21 (2d ed. 1981) (hereinafter IPI Criminal 2d)), the issues instructions for counts III and IV did not correspond to the definitional instruction or the language of the statute for those counts.

The offense of home invasion is set forth in section 12—11(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 12—11(a)) and provides:

> "A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling of another when he or she

knows or has reason to know that one or more persons is present and

(1) While armed with a dangerous weapon uses force or threatens the imminent use of force upon any person or persons within such dwelling place whether or not injury occurs, *or*

(2) Intentionally causes any injury to any person or persons within such dwelling place.'' (Emphasis added.)

In the instant case, two definitional instructions for home invasion were given. One definitional instruction mirrored the language of section 12—11(a)(2) (intentional injury) and corresponded to counts I (Steele) and II (Carpenter) of the information.

Another definitional instruction mirrored the language of section 12—11(a)(1) (use or threat of force while armed) and corresponded to counts III (Carpenter) and IV (Steele) of the information. However, the issues instructions for counts III and IV required the State to prove, *inter alia*:

"Fourth: That [defendant] intentionally caused an injury to Ted Steele, a person within the dwelling place;

and Fifth: That he was armed with a dangerous weapon.''

The issues instruction for count IV, involving Debra Carpenter, similarly required the State to prove intentional injury while armed with a dangerous weapon. These issues instructions for counts III and IV, therefore, erroneously required the State to prove that defendant committed an intentional injury while armed with a dangerous weapon, rather than requiring the State to prove that defendant used force or threatened the imminent use of force while armed with a dangerous weapon. See IPI Criminal 2d No. 11.22.

On these instructions, the jury found defendant guilty of the two counts of home invasion involving Steele (counts I and IV of the information), but not guilty of the two counts involving Carpenter (counts II and III of the information). Defendant was also found guilty of the lesser-included offenses of battery and criminal trespass to a residence. At that time, the circuit court entered judgment only on count IV ("Count III" on the verdict form).

Defendant filed a post-trial motion, arguing, *inter alia*, that the guilty verdicts on the home invasion counts should be vacated because they were legally inconsistent with the not guilty verdicts.

After taking the cause under advisement, the circuit court entered an order on November 7, 1988, which: (1) entered judgments of guilty on the jury's verdicts on the battery and criminal trespass to residence charges; (2) vacated the judgment of guilty on count IV

charging home invasion (mislabelled count III); (3) found the jury's verdicts on the four counts of home invasion to be "legally inconsistent" and therefore entered a judgment of not guilty notwithstanding the verdict on the remaining home invasion guilty verdict, count I; and (4) "found" that the defendant could not be retried on the charge of home invasion.

The State filed a motion to reconsider. After argument, the following colloquy occurred:

"BY THE COURT: *** I have four counts of Home Invasion, two verdicts of not guilty. I don't see how you can retry on those two counts. The other count is incorrect. I cannot take that and let it stand as a judgment of guilty. That being three out of four, I don't see how I can retry it. If he is guilty at all, he is guilty of more than one Count or he is not guilty. That is the basis of my opinion briefly.

ROBERT CREGO, ASS'T STATE'S ATTY: Your Honor, in light of the Court's ruling thereon, is the Court stating that the evidence was insufficient to find the defendant guilty beyond a reasonable doubt[?]

BY THE COURT: No[,] that is not my problem. I had the problem of the verdicts."

The State's motion to reconsider was denied.

The court subsequently sentenced defendant, on the convictions for battery and criminal trespass to a residence, to concurrent one-year terms of probation and a term of periodic imprisonment, and ordered him to pay a fine of $800 and make restitution in the amount of $556. The State appeals.

On appeal, the State argues that the verdicts were not legally inconsistent because considerations of legal inconsistency do not arise where only one offense is charged under different theories and the jury convicts on some counts but acquits on others. The defendant maintains on appeal, as he did in the court below, that the verdicts were legally inconsistent because the jury had to find that a particular mental state both did and did not exist. Specifically, defendant contends that to find him guilty on counts I and IV, the jury had to find that he knowingly entered the dwelling and intentionally injured *any* of the persons therein, but to acquit him of counts II and III, the jury had to find that he did *not* intentionally injure *any* person therein. Despite the analytical appeal of defendant's argument, we are not persuaded.

"Legally inconsistent verdicts are verdicts where the same essential element of each crime is found to exist and not to exist and both

crimes arise out of the same set of facts. [Citations.] Legally inconsistent verdicts are invalid and the convictions must be reversed." (*People v. Sandy* (1989), 188 Ill. App. 3d 833, 845, 544 N.E.2d 1248, 1255.) This case, however, does not involve legally or factually inconsistent verdicts.

■ Defendant's argument that the jury returned legally inconsistent verdicts focuses on the phrase, "any person or persons," as used in the alternative definitions of home invasion in sections 12—11(a)(1) and (a)(2) and the definitional instructions given to the jury (IPI Criminal 2d No. 11.21). However, all of the issues instructions and verdict forms given to the jury named one victim and one victim only for each count and did not use the phrase, "any person or persons." It is apparent that the jury found defendant guilty of home invasion for his actions toward Ted Steele (counts I and IV of the information), because he intentionally injured Steele while armed with a dangerous weapon, but not guilty of home invasion for his actions toward Debra Carpenter (counts II and III of the information), because he did not intentionally injure her.

This court therefore reverses the circuit court's ruling that the jury's verdicts on the home invasion counts were inconsistent.

■ We note that the fact that the issues instruction for count IV did not accurately reflect the elements of the offense of home invasion as set out in the statute did not prejudice defendant. The State in this case proved more than what was required by the statute. Whereas section 12—11(a)(1) requires the State to prove the use of force or the threat of the imminent use of force, while armed with a dangerous weapon, the issues instructions for counts III and IV required the State to prove *an intentional injury*, while armed with a dangerous weapon. Thus, in the instant case, involving defendant's striking of Ted Steele with a baseball bat, for the guilty verdict on count IV it appears the State proved (intentional injury) more than was necessary under section 12—11(a)(1) (use or threat of force). See *Killian v. United States* (1961), 368 U.S. 231, 257-58, 7 L. Ed. 2d 256, 273-74, 82 S. Ct. 302, 317 (inconsistent paragraphs in instruction not prejudicial because latter paragraph exacted higher standard of proof than law required); *People v. Upton* (1987), 151 Ill. App. 3d 1075, 1079, 503 N.E.2d 1102, 1104 (instructions placed greater burden on prosecution than statute required); see also *People v. Pierce* (1974), 56 Ill. 2d 361, 308 N.E.2d 579 (error which favors defendant, and of which he cannot complain, is harmless).

In addition, we note that while defendant objected to the giving of the issues instructions, he did not object on the ground that the ele-

ments of the offense were misstated. Defendant complained that the instructions should not identify a specific victim, but rather they should parallel the language of the statute, "any person or persons." Defendant also complained that the jury should be instructed on only one count of home invasion, because defendant could only be convicted of one count. The court overruled defendant's objections. Not only did defendant not raise this specific objection at trial, but defendant proferred an issues instruction which made the same misstatement of the elements of the offense. We note that neither party has discussed the misstated jury instruction in their briefs. We therefore conclude that the waiver rule would prohibit defendant from complaining about the misstated instructions. 134 Ill. 2d R. 341(e)(7) (failure to argue in briefs results in waiver); *People v. Jeffrey* (1981), 94 Ill. App. 3d 455, 468, 418 N.E.2d 880, 891 (appellant must show he raised issue at instructions conference); *People v. Belcher* (1946), 395 Ill. 348, 352, 70 N.E.2d 201, 202 (defendant cannot complain of error in instruction when his own instruction contained some error).

Finally, we note that the error in the instructions for count IV did not prejudice defendant in light of this court's decision, *infra*, to allow the circuit court's decision to vacate the judgment of guilty on count IV to stand and to reinstate the guilty verdict on count I and enter judgment on that count.

■ The next issue is the appropriate remedy for the court's error in finding the verdicts to be inconsistent. The State acknowledges that there can only be one conviction for home invasion, regardless of the number of victims. (*People v. Hawkins* (1984), 125 Ill. App. 3d 520, 466 N.E.2d 299.) The State therefore requests that this court reinstate only the guilty verdict on count I and remand for resentencing on that count. Defendant maintains that to vacate the trial court's order of dismissal and to remand this case for retrial would subject him to double jeopardy. We do not agree. There is no need for a second trial. The court's order entering a judgment of not guilty on count I notwithstanding the guilty verdict was not based on any insufficiency of evidence as to any of the elements of the offense, but rather upon an incorrect conclusion of law. Reversal of the trial court's order and reinstatement of the jury's verdict will therefore not subject the defendant to double jeopardy. (*People v. Mink* (1990), 141 Ill. 2d 163, 173, 565 N.E.2d 975, 979; *United States v. Wilson* (1975), 420 U.S. 332, 352-53, 43 L. Ed. 2d 232, 247, 95 S. Ct. 1013, 1026.) In *Mink*, the supreme court stated:

> "[W]here the jury returns a verdict of guilty but the trial court thereafter enters a judgment of acquittal notwithstanding the

verdict, the double jeopardy clause does not prohibit the State from appealing the judgment of acquittal. If the appeal is successful and the appellate court concludes that a judgment of acquittal was improper, the criminal defendant is not required to submit to a second trial; the error of law may be corrected on remand by simply reinstating the jury's verdict." 141 Ill. 2d at 177-78, 565 N.E.2d at 981.

We therefore reinstate the verdict of guilty on count I, enter judgment on that count, and remand for sentencing on that count.

■ With respect to count IV, although a second conviction for home invasion in this case cannot stand (*Hawkins*, 125 Ill. App. 3d 520, 466 N.E.2d 299), we nevertheless believe it is necessary to address the circuit court's order vacating the judgment of guilty on that count.

The circuit court did not give a reason for its decision to first vacate the judgment of guilty on count IV (mislabelled count III) before entering judgment notwithstanding the guilty verdict on count I. From the colloquy at the hearing on the State's motion to reconsider, excerpted above, it appears the court believed the mislabelling of the jury verdict forms warranted it.

We do not believe the mislabelling of the verdict forms warranted rejection of the jury's verdict on count IV. Each verdict form specified the charge to which it applied. The verdict form in question stated: "We, the jury, find the defendant Kevin Carpenter Guilty of the offense of home invasion, having intentionally caused injury to Ted Steele while armed with a dangerous weapon. (Count III)." This verdict form misidentified the charge as count III instead of count IV, and the verdict form for count III of the information was correspondingly misidentified as "Count IV." However, because the basis for each charge was set out in these verdict forms, identifying the victim by name, we believe these errors were insufficient reason to warrant vacating the jury's verdict of guilty of home invasion on count IV.

Nevertheless, in light of our decision to reinstate the judgment of guilty on count I, it is unnecessary to reverse the circuit court's ruling which vacated the judgment of guilty on count IV.

■ As a final matter, we note we are duty bound to consider whether this appeal has been properly taken so as to invoke the jurisdiction of this court. *Bell Federal Savings & Loan Association v. Bank of Ravenswood* (1990), 203 Ill. App. 3d 219, 223, 560 N.E.2d 1156, 1158-59.

Our constitution provides that "after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal."

(Ill. Const. 1970, art. VI, §6.) Furthermore, Supreme Court Rule 604(a) provides:

"(1) *When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." 134 Ill. 2d R. 604(a)(1).

Before the record was filed in this cause, this court entered an order directing the State to show cause why this appeal should not be dismissed for lack of appellate jurisdiction. The State responded, arguing, "Since the basis of the order was the court's belief that the verdicts were *legally* inconsistent, and not the evidence was insufficient, the trial court's ruling did not result in an acquittal." (Emphasis in original.) The State further argued, "The effect of the trial court's order was to dismiss the counts of the information charging home invasion."

Section 114—1 of the Code of Criminal Procedure of 1963 sets forth various grounds upon which the trial court may base a dismissal of an indictment, information, or complaint. (Ill. Rev. Stat. 1987, ch. 38, par. 114—1.) The type of order in this case, a not guilty judgment based upon the perceived legal inconsistency of the jury's verdicts, is not expressly mentioned in either Rule 604(a) or section 114—1. However, the supreme court has determined that when Rule 604(a) made explicit the right of the State to appeal on grounds set forth in section 114—1, it was not intended to reduce the range of the State's right to appeal, but instead it was intended to make clear that the State had a right to appeal from dismissals on any of the various grounds set forth in section 114—1. (*People v. Love* (1968), 39 Ill. 2d 436, 439-40, 235 N.E.2d 819, 821-22.) In *Love*, the supreme court stated:

"The redrafting [of Rule 604(a)] was not intended to extinguish the People's right to appeal from judgments the substantive effect of which was to dismiss indictments on grounds not specified in the rule ***." *Love*, 39 Ill. 2d at 440, 235 N.E.2d at 822.

In *People v. Oswald* (1982), 106 Ill. App. 3d 645, 435 N.E.2d 1369, the State sought to appeal from orders granting supervision to defendants based upon their pleas of guilty and terminating the supervision *instanter*. The State contended that an order granting su-

pervision and terminating it *instanter* is in effect a dismissal, permitting an appeal under Rule 604(a).

In considering the defendants' jurisdictional objections, the *Oswald* court initially noted that there can be no appeal from a judgment of acquittal after a trial on the merits (Ill. Const. 1970, art. VI, §6). However, the court noted that none of the factual elements of the offenses charged were resolved in defendants' favor. Defendants were discharged on grounds unrelated to their guilt and despite the evidence of their guilt. The court concluded that such a dismissal of the charges is not a judgment of acquittal. *Oswald*, 106 Ill. App. 3d at 646-47, 435 N.E.2d at 1371.

In this case, the jury found defendant guilty of the offense of home invasion on the charges naming Ted Steele as a victim. Moreover, the trial court did not base its decision to enter judgment notwithstanding that verdict on lack of evidence of defendant's guilt, but rather on the perceived legal inconsistency of the verdicts. Accordingly, this court concludes that the circuit court's order with respect to count I in this cause did not constitute an acquittal, and thus this court believes it has properly exercised jurisdiction in this appeal.

For the foregoing reasons, we reverse the circuit court's finding of inconsistent verdicts. As a result, with respect to count I of the information, we vacate the circuit court's judgment of not guilty notwithstanding the jury verdict of guilty, reinstate the verdict of guilty of home invasion in count I, enter judgment on that count, and remand for sentencing on that count. Finally, we vacate the convictions and sentences for battery and criminal trespass to a residence, because they are lesser-included offenses of home invasion.

Reversed in part; vacated in part; judgment of guilty entered on count I; and remanded in part.

WELCH and GOLDENHERSH, JJ., concur.