THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SAUL BARRAZA, Defendant-Appellant.

Fourth District No. 4—92—0586

Opinion filed December 28, 1993.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Following a jury trial, defendant was found guilty of cannabis trafficking (Ill. Rev. Stat. 1991, ch. 56½, par. 705.1(a)), unlawful possession of cannabis with intent to deliver (Ill. Rev. Stat. 1991, ch. 56½, par. 705(e)), and unlawful possession of cannabis (Ill. Rev. Stat. 1991, ch. 56½, par. 704(e)). The court sentenced defendant to terms of nine years for cannabis trafficking, seven years for possession of cannabis with intent to deliver, and five years for possession of cannabis, all to run concurrently. Defendant appeals, contending (1) McLean County was an improper venue for the trial on the can-

nabis trafficking charge, (2) he was denied effective assistance of counsel because of trial counsel's apparent alcoholism, (3) his possession conviction and possession with intent to deliver conviction should be vacated because they are lesser included offenses of cannabis trafficking, and (4) he is entitled to a new sentencing hearing to determine the appropriate sentence for his cannabis trafficking conviction, since it is unclear to what extent the trial court considered the "erroneous" convictions for possession and possession with intent to deliver. We affirm in part and reverse in part.

On November 5, 1991, at approximately 11:50 a.m., Illinois State Police trooper Brendan Heffner noticed a blue pickup truck with a broken left taillight travelling north on I-55 in McLean County. Heffner stopped the blue truck and noted that it bore only a temporary registration plate. Heffner spoke to the driver, identified by a Mexican driver's license as Francisco Terrazas. The driver told Heffner that he could not provide proof of insurance for the truck since he did not own it. Heffner then questioned defendant, the sole passenger in the truck, who informed Heffner that he had recently purchased the truck in El Paso, Texas, but that he did not have any paperwork for it.

After Heffner issued a written warning to defendant, State trooper William Colbrook arrived to assist with the traffic stop. Heffner explained the Illinois drug interdiction program to the driver and asked for and received consent from the driver to search the truck. Heffner and Colbrook searched the truck, finding a roll of duct tape under the driver's seat and a pair of vise grip pliers under the passenger's seat. Heffner noted that two screws holding the nozzle of the gas tank were not flush with the unit. Heffner believed that the screws had been removed and then replaced. Heffner informed defendant and the driver that a canine unit was coming to meet them and he asked them if they would mind waiting. Defendant indicated he did not mind. While awaiting the canine unit the troopers dismounted the spare tire from the bed of the truck. Heffner examined the tire, noticed that it would not balance, and "there appeared to be objects inside the tire that were striking the walls of the tire." Defendant stated he did not know what was in the tire. Heffner asked for permission to look in the tire and asked if defendant would mind driving to a nearby gas station where the tire could be broken down. Defendant agreed and followed Heffner to the gas station, where Heffner removed the spare tire and placed it inside the station to be broken down. The canine unit then arrived and the dog indicated an alert at the tire in ques-

tion. Heffner and a gas station employee broke down the tire and extracted from it seven brick-sized packages wrapped in duct tape. Defendant and the driver were then arrested. Heffner field tested one of the packages, which indicated positive for cannabis. The seven packages weighed approximately 4,445.9 grams.

Colbrook testified defendant told him that he was headed for Chicago and planned to stay there for three or four days. Colbrook also testified that the street value of the cannabis seized from the truck was approximately $22,000.

Defendant was his own sole witness. Although he admitted he understood "some English language," he did not understand "all English words." When the truck was pulled over, he and the driver were on their way to Chicago to pick up another truck. The driver was going to pay defendant to take the new truck back to El Paso. Defendant testified he did not own the truck, did not know who owned the truck, and did not tell the troopers he owned the truck. The driver had obtained the temporary cardboard license plates for the truck and defendant did not know that his name was on the temporary registration. Defendant admitted he had given the troopers permission to search the spare tire but testified he was unaware that cannabis was contained within the spare tire.

Following the jury trial on January 23, 1992, defendant was found guilty on all three cannabis charges. No timely post-trial motion was filed. Defendant, through a public defender other than the one who represented him at trial, eventually filed a motion to continue sentencing, for preparation of transcripts, and for substitute counsel. The post-trial motion stated that the public defender who represented defendant at trial entered a hospital for treatment of alcohol abuse after defendant's trial but prior to sentencing. The trial court granted defendant's motion and appointed substitute private counsel. Private counsel's post-trial motion, filed after the court-ordered preparation of trial transcripts, raised issues concerning reasonable doubt, the propriety of the jury instruction given on constructive possession, and ineffective assistance of former counsel. The trial court denied the motion.

■ Defendant contends the State failed to establish that McLean County was the appropriate venue for the cannabis trafficking charge. Defendant argues the State did not establish where defendant committed the act of causing the cannabis to be brought into Illinois. Section 5.1(a) of the Cannabis Control Act (Act) provides:

"[A]ny person who knowingly brings *** into this State for the purpose of *** delivery or with the intent to *** deliver

2,500 grams or more of cannabis in this State or any other state or country is guilty of cannabis trafficking." Ill. Rev. Stat. 1991, ch. 56½, par. 705.1(a).

Venue is a material allegation which must be proved beyond a reasonable doubt along with the other elements of an offense. (*People v. Hagan* (1991), 145 Ill. 2d 287, 300, 583 N.E.2d 494, 500.) To determine where an offense was committed for purposes of venue, a court must determine where the acts which constitute the offense occurred. *Hagan*, 145 Ill. 2d at 301, 583 N.E.2d at 500.

In *People v. Caballero* (1992), 237 Ill. App. 3d 797, 604 N.E.2d 1028, the defendant drove from Ottawa in La Salle County to Midway Airport in Cook County, where the police observed him receive 122 grams of cocaine. Defendant returned to Ottawa, his alleged "base of operations," where he was arrested, charged, and convicted of controlled substance trafficking in La Salle County. (Ill. Rev. Stat. 1989, ch. 56½, par. 1401.1.) The conviction was reversed because the State failed to prove the offense was committed in La Salle County. The court noted the critical element for venue purposes in a prosecution for controlled substance trafficking is "where the defendant committed the act of causing the drugs to be brought into the State." *Caballero*, 237 Ill. App. 3d at 803-04, 604 N.E.2d at 1033.

Here, unlike *Caballero*, the State did not actually witness defendant bringing the cannabis into the State. Section 1—6(f) of the Criminal Code of 1961 (Criminal Code) provides:

> "If an offense is committed upon any railroad car, vehicle, watercraft or aircraft passing within this State, and it cannot readily be determined in which county the offense was committed, the offender may be tried in any county through which such railroad car, vehicle, watercraft or aircraft has passed." (Ill. Rev. Stat. 1991, ch. 38, par. 1—6(f).)

Because it cannot be readily determined which county defendant entered when he first brought the cannabis into the State, venue was proper in McLean County, through which defendant traveled with the cannabis. See *People v. Glass* (1992), 239 Ill. App. 3d 916, 924-25, 606 N.E.2d 655, 662; *People v. Ramsey* (1986), 147 Ill. App. 3d 1084, 1089, 496 N.E.2d 1054, 1058; *People v. Frank* (1981), 98 Ill. App. 3d 388, 395, 424 N.E.2d 799, 804.

The venue statute was amended, effective after *Caballero* and the offense in the present case, to read: "[a] person who commits the offense of cannabis trafficking or controlled substance trafficking may be tried in any county." (Ill. Rev. Stat. 1991, ch. 38, par.

1–6(r).) Venue in the present case does not depend on the amendment, but upon section 1–6(f) of the Criminal Code. McLean County, here, is not "any county," but a county through which defendant's vehicle passed while he was in possession of cannabis. Accordingly, venue was appropriate in McLean County.

■ Next, defendant contends that he was denied effective assistance of counsel. To establish a sixth amendment violation of the right to effective assistance of counsel, defense counsel's actions must "[fall] below an objective standard of reasonableness." (*Strickland v. Washington* (1984), 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.) The defendant must show (1) his counsel's performance was so deficient as to fall below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance so prejudiced the defense as to deny the defendant a fair trial. (See *Strickland*, 466 U.S. at 687-88, 80 L. Ed. 2d at 693-94, 104 S. Ct. at 2064-65; *People v. Franklin* (1990), 135 Ill. 2d 78, 103, 552 N.E.2d 743, 755.) To establish counsel's deficient performance, defendant must overcome a strong presumption that his counsel's representation fell within the range of reasonable professional assistance. (*Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.) Defendant is only entitled to competent representation, not perfect or successful representation. *People v. Hillenbrand* (1988), 121 Ill. 2d 537, 548, 521 N.E.2d 900, 904.

Defendant maintains that because his counsel was apparently alcohol impaired, he was *per se* afforded ineffective assistance of counsel. Defendant suggests that *People v. Giles* (1991), 209 Ill. App. 3d 265, 568 N.E.2d 116, is instructive. In *Giles*, defendant's original trial counsel admitted that he was under the influence of alcohol and the trial court observed that counsel could not even walk. Accordingly, the trial judge, after obtaining consent from the defendant, dismissed defendant's original counsel and substitute counsel was appointed. On appeal, defendant claimed that he was denied effective assistance of counsel because the trial court dismissed his original counsel. The *Giles* court held that defendant was not denied effective assistance of counsel, and in fact, the trial court was protecting defendant's rights by dismissing original counsel. *Giles*, 209 Ill. App. 3d at 270, 568 N.E.2d at 120.

Defendant argues the "obverse" of *Giles* is that where a trial court allows a trial to proceed with an obviously alcohol-impaired counsel, defendant has received ineffective assistance of counsel. There are several problems with that argument. There is no evi-

dence that defendant's counsel was alcohol impaired at trial. The only suggestion of impairment was contained in the post-trial motion filed by another assistant public defender. The motion alleged that original counsel, John L. Wright, began treatment for alcohol abuse following defendant's trial. The motion alleged that no post-trial motion had been filed and that Wright informed the substitute public defender that his memory had faded and he could not remember any alleged errors for inclusion in a post-trial motion. The motion also alleged that defendant informed the substitute public defender that he smelled the odor of alcohol on Wright's breath during the trial. The trial court granted the motion to continue the sentencing hearing and for preparation of trial transcripts so that substitute counsel could file post-trial motions. The trial court further granted withdrawal of the public defender's office and appointed substitute private counsel. The motion for new trial which was eventually prepared included an allegation that defendant was denied effective assistance of counsel but did not assert that counsel was impaired at trial.

No evidence appearing in the record suggests that Wright's conduct at trial was ineffective. Wright was an active participant in the trial and presented the defense of lack of knowing possession throughout the case. Wright cross-examined the State's witnesses to try to establish that defendant did not have knowledge of the cannabis contained in the tire. Defendant testified on his own behalf and Wright questioned him so as to bring out testimony that defendant (1) did not own the truck, (2) did not know that cannabis was contained in the spare tire, and (3) was not a business partner of the driver, Terrazas. In closing argument, Wright set out the defense that defendant had no knowledge of the cannabis.

The record as a whole does not support a finding that Wright's performance at trial fell below any objective standard of reasonableness. Nor does the record establish that defendant was in any way prejudiced by Wright's conduct at trial. We reject the argument that we should find that defense counsel was ineffective *per se* because of an allegation that defense counsel was alcohol impaired. Defendant was not denied effective assistance of counsel.

■ Next, defendant contends his convictions for both unlawful possession and possession with intent to deliver must be vacated as lesser included offenses of cannabis trafficking. The State concedes that possession of cannabis and possession with intent to deliver are lesser included offenses of cannabis trafficking. However, the State maintains the issue is waived because it was not raised at trial or in

a post-trial motion. The first and third districts have held that a defendant who fails to raise the issue of an improper conviction of a lesser included offense at trial waives the issue on direct appeal. (See *People v. Holder* (1991), 213 Ill. App. 3d 109, 113, 571 N.E.2d 528, 530-31; *People v. Gray* (1988), 171 Ill. App. 3d 860, 865-66, 525 N.E.2d 1033, 1037.) Recently, the Supreme Court of Illinois held that where a defendant's improper conviction on a lesser included offense was challenged for the first time on appeal from the denial of post-conviction relief, the judgment was voidable, not void, and accordingly not subject to collateral attack. (*People v. Davis* (1993), 156 Ill. 2d 149, 157-58, 619 N.E.2d 750, 755.) Despite its conclusion that defendant waived the improper-conviction issue, the supreme court exercising its supervisory authority vacated defendant's conviction on the lesser offense, on the basis that defendant might be subject to prejudice in future cases (bond, sentencing, parole) as a result of the improper convictions. *Davis*, 156 Ill. 2d at 160, 619 N.E.2d at 756.

The supreme court in *Davis* did not find the defendant's conviction on the lesser included offense plain error because, "in post-conviction proceedings, the plain error rule may not be invoked to save procedurally defaulted claims." (*Davis*, 156 Ill. 2d at 159, 619 N.E.2d at 756.) However, "on direct appeal" the court may "take notice of plain errors and defects affecting substantial rights which were not brought to the attention of the trial court." (*People v. Owens* (1989), 129 Ill. 2d 303, 316, 544 N.E.2d 276, 281; see 134 Ill. 2d R. 615(a).) In light of the prejudicial effects that improper convictions for lesser included offenses may have on defendant, as expressed in *Davis*, we find the convictions of the lesser included offenses here amounted to plain error. (See *People v. Scherzer* (1989), 179 Ill. App. 3d 624, 646, 534 N.E.2d 1043, 1059.) Accordingly, we vacate the judgments against defendant for possession of cannabis and possession of cannabis with intent to deliver.

■ Finally, defendant argues he is entitled to a new sentencing hearing on his sole remaining conviction for cannabis trafficking. Where an appellate court is unable to discern what portion of defendant's sentence impermissibly pertains to the lesser offense, the cause is to be remanded to the trial court for resentencing. (See *Davis*, 156 Ill. 2d at 160, 619 N.E.2d at 756.) Here, however, remand for a new sentencing determination is unnecessary because separate sentences were entered on each count and the record does not indicate that the vacated offenses influenced the sentence for cannabis trafficking. See *People v. Bowen* (1993), 241 Ill. App. 3d

608, 631, 609 N.E.2d 346, 364; *People v. Buford* (1992), 235 Ill. App. 3d 393, 404, 601 N.E.2d 1099, 1108; *People v. Craddock* (1987), 163 Ill. App. 3d 1039, 1048, 516 N.E.2d 1357, 1363.

Affirmed; vacated in part.

McCULLOUGH, P.J., and LUND, J., concur.