NOTICE

Decision filed 05/09/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-04-0320

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
) Circuit Court of
    Plaintiff-Appellee, ) Jackson County.
)
v. ) No. 01-CF-471
)
TAFFIA CUNNINGHAM, ) Honorable
) Kimberly L. Dahlen,
    Defendant-Appellant. ) Judge, presiding.

_____

JUSTICE McGLYNN delivered the opinion of the court:

Taffia Cunningham, the defendant, was convicted of home invasion, armed violence (based on residential burglary), and residential burglary and was sentenced to two concurrent 20-year prison sentences. After making a finding that the defendant's conduct caused great bodily harm, the trial court also ruled that pursuant to section 3-6-3(a)(2)(iii) of the Unified Code of Corrections (730 ILCS 5/3-6-3(a)(2)(iii) (West 2000)), the defendant must serve 85% of her sentence before she is eligible for mandatory supervised release. On appeal, the defendant argues that her convictions for armed violence and residential burglary must be vacated, and she also argues that she should not be required to serve at least 85% of her sentence, because it was her coconspirator who suffered "great bodily harm," not the actual victim in this case. For the foregoing reasons, we affirm in part and vacate in part.

The defendant was a graduate student at Southern Illinois University in Carbondale. On September 8, 2001, the defendant, her twin brother–Tyree Cunningham, a graduate student friend, and two other friends got together and decided to go over to a local drug dealer's house and steal money and drugs. After the drug dealer opened the door without ascertaining who was there, Tyree

1

entered the house wearing dark clothes and a face mask and carrying a shotgun. Tyree yelled at the drug dealer to get down or be killed, and the drug dealer shot Tyree and killed him. The defendant and the rest of the would-be thieves fled the scene. Since the drug dealer was hesitant, to say the least, to call the police, he and his friends removed Tyree's body from the house and dumped it along a country road. After the body was found, the defendant was charged with first-degree felony murder, home invasion, armed violence based on residential burglary, and residential burglary, based upon her accountability for the crimes. A first trial ended with the jury hopelessly deadlocked, and a mistrial was declared. The second jury trial ended with the jury concluding that the defendant was guilty on all the charges but felony murder.

Despite the defendant's crime-free past and glowing recommendations from her graduate school professors, the trial judge imposed concurrent 20-year sentences on the home invasion and armed violence charges. The trial court also found that since great bodily harm had been inflicted, the defendant would not be eligible for mandatory supervised release until she had served at least 85% of her sentences. The defendant now appeals, arguing (1) that her conviction for home invasion is based upon the same acts as her conviction for armed violence, (2) that her conviction for residential burglary must be vacated since she received no sentence for the crime, and (3) that her brother was a coconspirator and not a "victim" for purposes of the "truth-in-sentencing" statute.

We first address the second point, which the State concedes. There is no dispute that the defendant's conviction for residential burglary was a lesser-included offense which merged into her conviction for armed violence based on the residential burglary. Thus, the trial court was correct in not imposing a sentence on the charge. See *People v. Cooper*, 283 Ill. App. 3d 86, 93, 669 N.E.2d 637, 642-43 (1996) (citing *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838 (1977)). Without a sentence, however, the conviction is incomplete and must be vacated. *Cooper*, 283 Ill. App. 3d at 93, 669 N.E.2d at 643. Without the imposition of a sentence–or a final judgment on the charge, an appeal should not be entertained. *Cooper*, 283 Ill. App. 3d at 93, 669 N.E.2d at 643 (citing *People v.*

2

*Turnipseed*, 274 Ill. App. 3d 527, 531, 653 N.E.2d 1258, 1260-61 (1995)).  Nevertheless, this case is properly before us on the defendant's appeal of the home invasion and armed violence convictions. Thus, we are authorized under Supreme Court Rule 366 (155 Ill. 2d R. 366) to vacate the incomplete judgment entered on the residential burglary verdict.  *Cooper*, 283 Ill. App. 3d at 93, 669 N.E.2d at 643.  Accordingly, we vacate the judgment of conviction for the lesser-included offense of residential burglary.  *Cooper*, 283 Ill. App. 3d at 93, 669 N.E.2d at 643.

The defendant makes a similar argument in her first point on appeal.  The defendant contends that her conviction and sentence for armed violence also must be vacated because the conviction is based upon the same act as her conviction for home invasion–the act of entering the drug dealer's apartment with a shotgun.  After *de novo* review (*People v. Boyd*, 307 Ill. App. 3d 991, 998, 719 N.E.2d 306, 311 (1999)), we disagree.[1]

---

[1]Although the defendant failed to raise this issue in the trial court, we find that the issue is one of plain error, which may be raised in the appellate court.  See *People v. Barraza*, 253 Ill. App. 3d 850, 857, 626 N.E.2d 275, 280 (1993).

A person commits the crime of home invasion when he or she (1) knowingly enters a dwelling without authorization to do so, (2) while armed with a dangerous weapon, (3) with the knowledge that someone is present in the dwelling, and (4) commits or threatens violence against someone in the dwelling. 720 ILCS 5/12-11(a)(3)[2] (West 2000). A person "commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois [l]aw." 720 ILCS 5/33A-2(a) (West 2000). The defendant's charge of armed violence is based on the felony of residential burglary. A person commits residential burglary when he or she (1) knowingly enters a dwelling without authorization to do so, (2) with the intent to commit a felony or theft. 720 ILCS 5/19-3(a) (West 2000).

The Illinois Supreme Court has long held that when more than one offense arises from a series of closely related acts and the offenses are not, by definition, lesser-included offenses, multiple convictions with concurrent sentences may be entered. *People v. Hawkins*, 125 Ill. App. 3d 520, 521, 466 N.E.2d 299, 300 (1984) (relying on *People v. King*, 66 Ill. 2d 551, 566, 363 N.E.2d 838, 845 (1977)). In order to make this determination, we must look at the charging instrument and ascertain whether the greater offense, as pled by the State, sets out the main outline of the lesser offense. *Hawkins*, 125 Ill. App. 3d at 521, 466 N.E.2d at 300; *People v. McLaurin*, 184 Ill. 2d 58, 104, 703 N.E.2d 11, 33 (1998) (stating the Illinois Supreme Court's preference for the "charging-instrument" approach in identifying lesser-included offenses).

"[T]o be a lesser[-]included offense, the greater offense must include *every element* in the lesser offense plus one or more elements; the lesser offense cannot have any element that is not included in the greater one. In other words, it is impossible to commit the greater offense

---

[2]The information in this case used the term "dangerous weapon" and cited to subsection 12-11(a)(3) of the Criminal Code of 1961. While subsection 12-11(a)(3) uses the term "firearm," it was a shotgun that was involved in this case.

without necessarily committing the lesser also." (Emphasis in original.) *Hawkins*, 125 Ill. App. 3d at 522, 466 N.E.2d at 300.

In this case, the State alleged that the defendant committed home invasion by entering the drug dealer's house without his permission with the knowledge that he was there and, while armed with a weapon, threatened imminent harm. On the other hand, the State alleged that the defendant committed armed violence by entering the drug dealer's house without his permission "with the intent to commit a theft therein."

Although the act of entering the house is the same for each charge, the armed violence charge based on the felony of residential burglary required an intent to commit a theft, which is not a requirement of the greater offense of home invasion. Clearly, the defendant could have committed home invasion without committing armed violence in this case by entering the drug dealer's house *without* the intent to commit a theft. Therefore, every element of armed violence (based on residential burglary) is not included in the offense of home invasion in this case. Thus, armed violence is not a lesser-included offense of home invasion in this case. Accordingly, the facts of this case support separate convictions for home invasion and armed violence.

In her last point on appeal, the defendant argues that the trial court erred in finding that great bodily harm had been inflicted upon a victim during the commission of home invasion. After *de novo* review (*People v. Whitney*, 188 Ill. 2d 91, 98, 720 N.E.2d 225, 229 (1999)), we agree.

If a defendant is convicted of home invasion and the trial court makes a finding, as it did in this case, that the conduct leading to the conviction resulted in great bodily harm to a "victim," the defendant shall receive no more than 4.5 days of good-conduct credit for each month of his or her sentence of imprisonment. 730 ILCS 5/3-6-3(a)(2)(iii) (West 2000). In this case, the drug dealer was alleged in the information to be the "victim" of the home invasion. There is no dispute, however, that the drug dealer was uninjured and that Tyree was the only person who suffered bodily injury during the commission of the crimes at issue. Therefore, the trial court must have considered

5

Tyree the "victim" for sentencing purposes.  Whether Tyree qualifies as a "victim" lies in the meaning of the statute.

In article 1 of chapter III of the Unified Code of Corrections, the term "victim" has the meaning ascribed to it in the Bill of Rights for Victims and Witnesses of Violent Crime Act, now entitled the Rights of Crime Victims and Witnesses Act (the Act) (725 ILCS 120/3(a) (West 2000)). 730 ILCS 5/3-1-2(n) (West 2000).  Under the Act at the time of the offenses herein, a "crime victim" was defined as follows:

> "(1) a person physically injured in this State as a result of a violent crime perpetrated or attempted against that person or (2) a person who suffers injury to or loss of property as a result of a violent crime perpetrated or attempted against that person or (3) a single representative who may be the spouse, parent, child[,] or sibling of a person killed as a result of a violent crime perpetrated against the person killed or the spouse, parent, child[,] or sibling of any person granted rights under this Act who is physically or mentally incapable of exercising such rights, except where the spouse, parent, child[,] or sibling is also the defendant or prisoner or (4) any person against whom a violent crime has been committed or (5) any person who has suffered personal injury as a result of a violation of Section 11-501 of the Illinois Vehicle Code, or of a similar provision of a local ordinance, or of Section 9-3 of the Criminal Code of 1961, as amended[.]"  725 ILCS 120/3(a) (West 2000).

After applying this definition to Tyree–the only physically injured person in this case, we find that Tyree does not fall under any of the categories listed above.  Although it is conceivable that Tyree could fall under subsection (4), as the State suggests, we must resolve any ambiguity in this regard in favor of the defendant pursuant to our policy of lenity.  See *Whitney*, 188 Ill. 2d at 98, 720 N.E.2d at 228-29; *People v. Alejos*, 97 Ill. 2d 502, 512, 455 N.E.2d 48, 52 (1983).  Certainly, the occupant of the house had a constitutional right to defend himself, even with the use of deadly force, when confronted with an armed invader.  That act, in and of itself, cannot be considered a crime and

6

the armed invader a victim because he was slower on the draw.  Therefore, Tyree cannot be found to be a "victim" for sentencing purposes.  Because Tyree was the only person who suffered any injury in this case (and the "victim" listed in the indictment was uninjured), we vacate the portion of the trial court's sentencing order that requires the defendant to serve at least 85% of her sentence before attaining eligibility for mandatory supervised release.

For the foregoing reasons, we affirm the trial court's sentencing order with regard to armed violence and home invasion.  We vacate the judgment of conviction on the lesser-included offense of residential burglary.  Since we also find that no "victim" suffered great bodily injury, we also vacate the portion of the trial court's sentencing order which requires the defendant to serve at least 85% of her sentence before attaining eligibility for mandatory supervised release.

Affirmed in part and vacated in part.

GOLDENHERSH and HOPKINS, JJ., concur.

NO. 5-04-0320

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 01-CF-471 |
| | ) | |
| TAFFIA CUNNINGHAM, | ) | Honorable |
| | ) | Kimberly L. Dahlen, |
| Defendant-Appellant. | ) | Judge, presiding. |

**Opinion Filed**:      May 9, 2006

**Justices**:      Honorable Stephen P. McGlynn, J.

                  Honorable Richard P. Goldenhersh, J., and
                  Honorable Terrence J. Hopkins, J.,
                  Concur

**Attorneys**
**for**
**Appellant**      Daniel M. Kirwan, Deputy Defender, E. Joyce Randolph, Assistant Defender, Office of the State Appellate Defender, Fifth Judicial District, 117 North Tenth Street, Suite 300, Mt. Vernon, IL 62864

**Attorneys**
**for**
**Appellee**      Hon. Michael Wepsiec, State's Attorney, Jackson County Courthouse, 1001 Walnut Street, Murphysboro, IL 62966; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Sharon Shanahan, Contract Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, Suite 2, P. O. Box 2249, Mt. Vernon, IL 62864