(No. 40399.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. STANISLAW SKORUSA, Appellant.

*Opinion filed November 30, 1973.*

JOSEPH A. MALEK, of Berwyn, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BERNARD CAREY, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, KENNETH L. GILLIS and SOL RAJFER, Assistant State's Attorneys and DANIEL F. MURRAY (Senior Law Student), of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

This case is a consolidation of an appeal from a murder conviction and an appeal from a ruling denying a petition for post-conviction relief. The appeal came directly to this court under the rule in effect at the time of

defendant's conviction (43 Ill.2d R. 603). Stanislaw Skorusa was convicted in 1966 for the murder of his girl friend. The evidence of his guilt produced by the State was overwhelming. At the time of his arrest Skorusa was sitting in his automobile in a Chicago parking lot. The body of his girl friend was slumped on the seat beside him. She had been shot five times in the head with a .25-caliber pistol. Blood matching that of the victim was found in the front seat and on the front and rear floors of Skorusa's automobile. Subsequent to his arrest, a .25-caliber pistol was found near the site of the arrest. Ballistics tests established that the bullets found in the victim's head had been fired from the gun. Four shell casings matching the fatal bullets were found in Skorusa's car and a fifth was found in his wallet. At the time of his arrest Skorusa made the statement, "Oh, boy, am I in trouble now." At trial the State established that Skorusa had requested permission to marry the victim but had been denied that permission by the victim's mother because the girl was only 16 years old.

The defendant urges that his conviction must be reversed on several grounds. He alleges that he was incompetent to stand trial and that the trial court erred in failing to order a competency hearing on its own initiative. Similarly, he claims that the failure of his attorney to seek a competency hearing denied him effective assistance of counsel. He claims that the State's Attorney made improper remarks to the jury in his closing argument. The defendant also claims that the trial court erred in dismissing without a hearing his post-conviction petition. That petition was based on the defendant's alleged incompetency at the time of trial.

At the time of trial the statute provided:

> "For the purpose of this Article, 'incompetent' means a person charged with an offense who is unable because of a physical or mental condition:
>
> (a) To understand the nature and purpose of the proceedings against him; or

(b) To assist in his defense; ***." Ill. Rev. Stat. 1965, ch. 38, par. 104—1(a), (b), now incorporated in the Unified Code of Corrections, Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—2—1(a).

It was further provided by statute that if at any time before or during a trial the trial court has reason to believe that the defendant is incompetent, it is the duty of the court to suspend the proceedings and conduct a competency hearing. Ill. Rev. Stat. 1965, ch. 38, par. 104—2, now found in the Unified Code of Corrections, Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—2—1(c).

The defendant contends that the trial court had reason to believe the defendant was incompetent, and failed to fulfill its statutory duty of conducting a competency hearing. To evaluate this contention we must turn our attention to the events surrounding the trial.

Prior to the trial, the defendant's attorney requested that the defendant be given a psychiatric examination by the Behavior Clinic. The court granted the request, and the defendant was examined by Dr. Hoffman, a psychiatrist. Because of the defendant's inability to understand or speak English fluently, Dr. Hoffman found it necessary to use an interpreter during his two interviews with Skorusa. Dr. Hoffman's report states that Skorusa said he did not know what he was doing in jail, why he was arrested, the name of his lawyer, or when his case came up for trial. Skorusa also stated that his girl friend was still living, and he intended to marry her. In his diagnosis of the patient, Dr. Hoffman stated, "It is the opinion of the examiner that the subject could cooperate, if he so wishes." The diagnosis concludes, "In his present state the subject is not committable as in need of mental treatment or as a mental defective." The defendant contends that the portions of the report which described his lack of understanding of why he was in jail and his belief that his girl friend was still alive should have raised doubts in the mind of the trial court of his competency to stand trial.

The defendant also claims that statements by his attorney, during the trial, should have suggested to the trial court that a competency hearing was needed. The first of these statements occurred during a conference in chambers concerning the possible use of an allegedly illegally obtained confession for impeachment purposes. His attorney expressed reluctance to have Skorusa testify because he did not have any idea of how he would answer questions. The second time defense counsel indicated that he was having difficulty communicating with his client was during his closing argument when he told the jury that Skorusa had not told him a single thing about what happened on the night of the crime.

There is another incident which defense counsel claims should have indicated to the court the necessity of a competency hearing. Prior to trial the trial judge spoke with Skorusa in his chambers. According to the trial judge Skorusa said that he couldn't remember if he had committed the crime, but that he would accept whatever punishment the court imposed.

Ordinarily it is within the discretion of the trial court to decide whether there exists a doubt as to the competency of the defendant to stand trial. (*People v. Pridgen, 37 Ill.2d 295, 298; People v. Milligan, 28 Ill.2d 203.*) Granting a request for an examination at the Behavior Clinic does not in itself indicate that there is a serious question of competency. (*People v. Russo, 52 Ill.2d 425; People v. Franklin, 48 Ill.2d 254.*) However, the defendant argues that the Behavior Clinic report and the comments of his attorney raised such a severe doubt as to his competency to stand trial that it was an abuse of the court's discretion not to order a competency hearing.

Several cases have held that the mere assertion by a defendant that he could not remember the events surrounding his alleged crime is not sufficient to impose a duty on the trial court to order a competency hearing. See *People v. Pridgen, 37 Ill.2d 295; People v. Lego, 32 Ill.2d*

*76; People v. McGuirk, 106 Ill. App. 2d 266; People v. Stoudt, 90 Ill. App. 2d 140.*

Defense counsel attempts to distinguish these cases by noting that in almost all of them, despite assertions of failing memory or other mental defect, the defendant testified to some extent. Also, he notes that whereas the Behavior Clinic reports in many of these cases found that the defendant both understood the nature of the charges against him and could co-operate with counsel, Dr. Hoffman's report in this case concluded only that the defendant could co-operate if he wished. The failure of that report to reach a conclusion concerning Skorusa's ability to understand the nature of the charges against him raised a *bona fide* doubt about his competency, according to the defense counsel.

We believe, however, that the conduct of the defendant and the statements of his attorney were not such as to require the court to conduct a competency hearing. Skorusa did not act peculiarly at trial. (See *People v. Burson, 11 Ill.2d 360.*) No past history of mental incompetency was brought to the court's attention. (See *People v. Maynard, 347 Ill. 422.*) The only factor suggesting incompetency was his alleged memory failure. We agree with the prior cases which have held that mere memory failure is not sufficient to raise a *bona fide* question as to a defendant's competency. There may be cases in which it would be error to deny a request for a competency hearing by a defendant who claims that memory failure makes it impossible for him to co-operate with his attorney. However, when no request for a hearing is made, absent other compelling factors, it is not an abuse of discretion for a court not to order a competency hearing *sua sponte.*

The defendant contends that even if the court did not err in not ordering a competency hearing his attorney should have requested one. He claims that his attorney's failure to request such a hearing denied him his right to

effective assistance of counsel. It is his contention that his attorney, who had been convicted in Federal court shortly before the trial, did not request a competency hearing because he thought such a hearing would make it impossible to finish the trial by the time his sentence for the Federal offense was to start. His trial attorney was scheduled to begin serving his sentence five days after Skorusa's trial began.

The only evidence relied on by the defendant to prove incompetence of counsel is his counsel's failure to request a competency hearing. However, as we noted in *People v. Russo, 52 Ill.2d 425,* the mere authorization by the court of a psychiatric examination does not mean that the subsequent failure of counsel to request a competency hearing amounts to incompetent representation. This is particularly true where, as here, the Behavior Clinic report concludes that the defendant is able to co-operate. Moreover, in this case the trial judge spoke with the defendant in chambers and satisfied himself that the defendant was competent. In view of these facts we cannot agree that the defendant was denied effective assistance of counsel. The contention that trial counsel's imminent incarceration prohibited him from presenting an effective defense is totally unsubstantiated by the record.

The defendant also asserts that prejudicial error occurred during the closing argument of the State's Attorney when he said, "We have heard no evidence here from the stand of what the reason, from his side, for this death was." It is permissible "for a prosecutor to comment on the uncontradicted nature of the State's case even where the only person who could have contradicted the State's evidence was the defendant himself." (*People v. Mills, 40 Ill.2d 4, 8.*) While recognizing this principle, the defendant urges that the State's Attorney's comments did more than refer to the uncontradicted nature of the State's case. He alleges that the remarks were intended to call the attention of the jury to the defendant's failure to testify.

(See *People v. Wollenberg, 37 Ill.2d 480,* and *People v. Morgan, 20 Ill.2d 437.*) We find that these remarks were permissible as a reference to the uncontradicted evidence presented by the State.

The defendant also cites other portions of the State's closing argument as improperly commenting on his failure to testify. However, even if such remarks were improper, objection to them was waived by the failure to make a timely objection. *People v. Dailey, 51 Ill.2d 239; People v. Donald, 29 Ill.2d 283.*

It is also urged as a ground for reversal that the State's Attorney improperly expressed his own belief in the defendant's guilt. In closing, the State's Attorney said: "I say to you now, ladies and gentlemen, that if we in conscience didn't know for a fact that the defendant, Stanley Skorusa, shot and killed Irene Kowalkowski, you ladies and gentlemen wouldn't be sitting here in judgment of him." It is improper for a prosecuting attorney to express his own opinion of the guilt of the defendant. (*People v. Provo, 409 Ill. 63, 70.*) Although the comment was an improper expression of personal opinion we are not compelled to reverse this conviction. It is not here contended that these remarks constituted the deprivation of a constitutional right. In any event, the evidence against the defendant was so overwhelming that the comments of the prosecutor were not a material factor influencing defendant's conviction and were at most harmless error. *People v. Clark, 52 Ill.2d 374; People v. Nicholls, 42 Ill.2d 91; People v. Berry, 18 Ill.2d 453.*

The defendant lastly contends that the trial court erred in dismissing his petition for post-conviction relief without conducting a hearing. We have often held that an evidentiary hearing under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122 *et seq.*) "should be granted only if defendant's post-conviction petition makes a 'substantial showing of a violation of constitutional rights, and allegations which merely amount to conclusions

are not sufficient to require a post-conviction hearing.' *People v. Knight, 38 Ill.2d 373; People v. Evans, 37 Ill.2d 27, 30; People v. Ashley, 34 Ill.2d 402, 411." People v. Arbuckle, 42 Ill.2d 177, 179.*

The constitutional objections presented in the post-conviction petition are essentially the same as those raised in the defendant's appeal from his conviction. He claims that his constitutional rights were violated by being tried while incompetent and by being denied the effective assistance of counsel. We have already noted that the trial court record fails to substantiate these contentions.

However, the defendant claims that two psychiatric reports which were attached to his petition for a post-conviction hearing made a substantial showing of incompetence at the time of trial. We do not agree. These reports were made two and a half and four years after the conviction. They refer primarily to the defendant's condition at the time of the examination rather than at the time of trial. Generally these reports indicate that the defendant suffered from depression after being convicted, but was progressing satisfactorily. Brief reference to the defendant's condition at trial is made in each report. The first report states that the pretrial Behavior Clinic report indicates a possible unconscious desire to ignore reality. The second of these reports reflects the examiner's impression that Skorusa could not understand what was happening at the time of trial. However, the examiner stated that this impression was just speculation. We believe that these reports did not make a "substantial showing of a violation of constitutional rights." Consequently, the trial court did not err in dismissing the petition without an evidentiary hearing.

Accordingly, we must affirm the conviction of the defendant and the dismissal of the post-conviction petition.

*Judgments affirmed.*