SECOND DIVISION

No. 1-05-3293

THE PEOPLE OF THE STATE OF ILLINOIS,    )    Appeal from the
)    Circuit Court of
          Plaintiff-Appellee,    )    Cook County
)
v.    )
)    No. 04 CR 11671
)
MACK ECHOLS,    )
)    Honorable
          Defendant-Appellant.    )    Thomas R. Sumner,
)    Judge Presiding.

JUSTICE KARNEZIS delivered the opinion of the court:

Following a jury trial, defendant Mack Echols was found guilty of residential burglary and was sentenced to a term of seven years' imprisonment. On appeal, defendant contends: (1) his trial counsel was ineffective for failing to object to the search of his home; (2) the trial court erred in refusing to instruct the jury on the lesser-included offense of theft; (3) he was denied a fair trial because the jury instruction

regarding his alleged oral statement was erroneous; and (4) the State's rebuttal closing argument was improper. We affirm.

BACKGROUND

On April 11, 2004, James Rauch and Eric Metz resided in an apartment located at 1530 North Hudson Avenue in Chicago. Both had been out of town for the weekend. When they returned, they found the back door to their apartment damaged. Rauch noticed that items had been taken from a jewelry box in his bedroom. The items mostly consisted of rings he had won in swimming competitions in college, an Olympic silver medal pin, watches and cuff links. Rauch also noticed that a cup that had contained loose change, a digital camera and a small tool kit were missing from his bedroom. Rauch's bicycle was also missing.

On April 12, parole officers Michael Davey and Tim Blair went to defendant's house to conduct a parole check. Defendant had previously been in the custody of the Illinois Department of Corrections and was on mandatory supervised release (MSR), commonly referred to as parole. Officer Davey testified at trial that his duties as a parole agent were to supervise and monitor individuals that had been released from correctional centers to make sure they were in compliance with the terms of their MSR agreements. Specifically, he stated that officers test individuals for drugs, verify their employment status and conduct searches of their person and property. Officer Davey also testified that he believed that as part of the MSR agreement, individuals agreed to submit to searches of their homes. He stated that when he and his partner arrived at

defendant's house, another officer was already present as well as defendant's wife. The other officer had responded to a domestic disturbance call and was speaking with defendant's wife. Defendant was not present. Officer Davey and his partner left to attempt to locate defendant. After being unable to locate defendant, the officers returned to his house. They spoke with defendant's wife, who Officer Davey described as crying, fearful and distraught. Defendant's wife informed the officers that defendant had not returned home. Officer Davey asked her for permission to go through defendant's property and she directed them upstairs to a bedroom and more specifically to a dresser. Inside the dresser was mostly male clothing as well as a bag containing numerous gold rings, an Olympic silver medal pin, several watches and some cuff links. The officers recovered the items and brought them to the police station. They later returned to defendant's house and recovered a bicycle from the stairway leading up to the bedrooms. Rauch identified the items recovered from defendant's house as belonging to him.

Defendant was arrested later that month and interviewed by Detective Blase Foria. Detective Foria read defendant his Miranda warnings, and then asked him about the burglary at 1530 North Hudson. According to Detective Foria, defendant responded that he was "sick of his lifestyle of doing drugs" and wanted to "clean himself up." Defendant then told the officer that on the morning of April 11, 2004, he used a small pry tool and broke open the back door of the apartment. Defendant went to a bedroom and took items from a jewelry box. Defendant returned home, showed

3

the items to his wife and put them in his dresser drawer. Defendant indicated the items from the jewelry box consisted of rings, watches, tie clips and cuff links. Defendant further stated that he was going to sell the items to purchase drugs. Detective Foria admitted on cross-examination that he did not have defendant memoralize the statement in writing or on videotape.

ANALYSIS

Search of Defendant's Home

On appeal, defendant first contends that his trial counsel was ineffective for failing to file a motion to suppress evidence. Defendant argues that the search of his home was unconstitutional because it was not based on "reasonable suspicion." He maintains that had defense counsel filed a motion to suppress evidence, the motion would have been granted.

Claims of ineffective assistance of counsel are analyzed under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), as adopted by the Illinois Supreme Court in People v. Albanese, 104 Ill. 2d 504, 525 (1984). First, a defendant must prove that counsel's representation fell below an objective standard of reasonableness. Albanese, 104 Ill. 2d at 525. Second, a defendant must establish that, absent counsel's unprofessional errors, the result of the proceeding would probably have been different. Albanese, 104 Ill. 2d at 525. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged

4

deficiencies. Albanese, 104 Ill. 2d at 527. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. Albanese, 104 Ill. 2d at 527.

Defendant primarily relies on People v. Wilson, 364 Ill. App. 3d 762 (2006), for support. This court's decision in Wilson determined that a search of the defendant's home pursuant to the conditions of his MSR agreement was reasonable under the fourth amendment if the search was supported by reasonable suspicion. Wilson, 364 Ill. App. 3d at 772. However, during the pendency of this appeal, our supreme court reversed this court's holding in Wilson. People v. Wilson, No. 102562 (February 7, 2008). Our supreme court determined instead that the "'Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee [Citation.]'" Wilson, slip op. at 14. The supreme court reasoned that any fourth amendment special protection afforded to the defendant's residence was lost when he became a parolee and agreed to consent to a search of his residence in his MSR agreement. Wilson, slip op. at 14. Therefore, Wilson no longer supports defendant's contention. Had defense counsel filed a motion to suppress evidence on the basis that the search violated defendant's constitutional rights, it would not have been granted, and the outcome of the proceedings would not have been different. We find no ineffective assistance of counsel.

## Lesser Included Offense of Theft

Defendant next contends that the trial court erred in refusing to instruct the jury

on the lesser included offense of theft. Defendant maintains that a jury instruction for theft was proper because the offense of theft was mentioned in the indictment and a rational jury could have convicted him of theft while acquitting him of residential burglary.

Generally, a defendant may not be convicted of an offense for which he has not been charged. People v. Hamilton, 179 Ill. 2d 319, 323 (1997). However, a defendant is entitled to have the jury instructed on a less serious offense if that offense is included in the charged offense. Hamilton, 179 Ill. 2d at 323. In determining whether a particular offense is included in a charged offense, the proper approach is to first examine the charging instrument and then the evidence adduced at trial. Hamilton, 179 Ill. 2d at 324. This approach is referred to as the charging instrument approach. See People v. Kolton, 219 Ill. 2d 353, 359-60 (2006) (reaffirming use of charging instrument approach with less stringent application).

We first consider whether the charging instrument identified the lesser included offense. A lesser included offense will be included in the charged offense if the factual description of the charged offense describes a "broad foundation" or "main outline" of the lesser offense. Kolton, 219 Ill. App. 3d at 364. An offense may be deemed a lesser included offense even though every element of the lesser offense is not explicitly contained in the indictment, as long as the missing element can be reasonably inferred. Kolton, 219 Ill. App. 3d at 364. Whether a particular offense is lesser included is a decision that must be made on a case-by-case basis using the factual description of

6

the charged offense in the indictment.  Kolton, 219 Ill. App. 3d at  at 367.  Whether a charged offense encompasses another as a lesser included offense is a question of law, which this court reviews *de novo*.  Kolton, 219 Ill. App. 3d at 361.

Here, the indictment charged defendant with committing "the offense of residential burglary in that he knowingly and without authority, entered the dwelling place of James Rauch, located at 1530 N. Hudson, in Chicago, Cook County, Illinois, with the intent to commit therein a theft."

A person commits residential burglary if that person "knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft."  720 ILCS 5/19-3 (West 2004).

A person commits theft when he knowingly "[o]btains or exerts unauthorized control over property of the owner" and "[i]ntends to deprive the owner permanently of the use or benefit of the property."  720 ILCS 5/16-1(a) (West 2004).

Although the indictment did not specifically charge defendant with the offense of theft or set forth the elements of theft, it charged defendant with entering the home of James Rauch with the intent to commit a theft.  We can reasonably infer the missing elements of theft; that defendant intended to obtain unauthorized control over the property of James Rauch and to permanently deprive Rauch of the use or benefit of the property.  See Hamilton, 179 Ill. 2d at 325.  We note that the parties agree that theft is a lesser included offense of residential burglary as charged in this case.

7

Having first determined, based on the facts in this case, that theft is a lesser included offense of residential burglary, we must now examine the evidence adduced at trial to determine whether the evidence would have rationally supported a conviction on the lesser offense.

The trial court denied defendant's request for an instruction for theft, finding that "the jury will believe that his statement is true or that it is not true." In other words, the court determined that if the jury believed defendant's alleged confession that he entered Rauch's apartment and took Rauch's jewelry and bicycle, then the jury would find him guilty of residential burglary. If the jury did not believe that defendant confessed to Detective Foria, then the jury would acquit him of residential burglary.

We agree. As stated above, if the jury believed defendant's confession to Detective Foria, which was supported by the fact that the proceeds of the burglary were recovered from his house, then it would find him guilty of residential burglary. However, if the jury did not find Detective Foria's testimony that defendant confessed to the crime credible, then no rational jury could have found him guilty of residential burglary or theft. Without defendant's confession, the only evidence at trial was Officer Davey's testimony that defendant's wife directed them to a bedroom and a dresser from which they recovered the jewelry. There was no additional testimony that defendant had been at home or had been in the bedroom since the burglary occurred the previous day. There was also no evidence indicating that defendant would have known that the jewelry had been in the dresser. Also, because the bicycle was recovered from the

stairway, there was no indication that it had been hidden amongst defendant's possessions and it could have been placed there by anyone with access to the home. Therefore, the evidence would not sustain the finding that the jury could have convicted defendant of theft but acquitted him of residential burglary.  Therefore, we find that defendant was not entitled to an instruction on the lesser included offense of theft and the trial court did not err in denying the instruction.

IPI Criminal 4th No. 3.06-3.07

Defendant next contends that he was denied a fair trial because the jury was improperly instructed as to his alleged oral statement.  The instruction, Illinois Pattern Jury Instructions, Criminal, No. 3.06-3.07 (4th ed. 2004) (hereinafter IPI Criminal 4th), provides:

"You have before you evidence that the defendant made a statement relating to the offense charged in the indictment.  It is for you to determine [whether the defendant made the statement, and, if so,] what weight should be given to the statement.  In determining the weight to be given to a statement, you should consider all of the circumstances under which it was made."  IPI Criminal 4th No. 3.06-3.07.

The instruction given to the jury omitted the above bracketed phrase.  The committee notes following the instruction state that the phrase directing the jury to determine whether defendant made the statement should be deleted only when the defendant admits to making the material statement attributed to him.  IPI Criminal 4th

9

No. 3.06-3.07, Committee Notes, at 91.

Initially, we note that defendant has waived this issue because he did not object to the instruction as given and did not raise the issue in a posttrial motion. A defendant waives a jury instruction issue if the defendant does not raise the issue at trial and does not raise the issue in a posttrial motion. People v. Herron, 215 Ill. 2d 167, 175 (2005). Both a trial objection and a written posttrial motion raising the issue are required to preserve an issue for review. People v. Enoch, 122 Ill. 2d 176, 186 (1988).

Waiver aside, we find no error. Defendant relies on People v. Richmond, 341 Ill. App. 3d 39 (2003), for support. We acknowledge that Richmond supports defendant's contention to some extent; however, as the State points out, part of the analysis in Richmond appears contrary to established case law.

This court has consistently held that IPI Criminal 4th No. 3.06-3.07 is proper without the bracketed phrase in circumstances where the defendant presented no evidence that he denied making the statement. See People v. Ramos, 318 Ill. App. 3d 181, 188 (2000); People v. Moore, 294 Ill. App. 3d 410, 417 (1998); People v. Garner, 248 Ill. App. 3d 985, 992-93 (1993); People v. Lee, 151 Ill. App. 3d 510, 530 (1986); People v. Fleming, 103 Ill. App. 3d 194, 198 (1981). These cases have reasoned that to hold otherwise would confuse the jury by making it decide an issue improperly before the court. Ramos, 318 Ill. App. 3d at 188.

In Richmond, the defendant's signed statement was entered into evidence at trial. The defendant did not testify or present any witnesses on his behalf. Defense

counsel cross-examined the assistant State's Attorney about whether he had videotaped the statement or given the defendant the option of writing out the statement himself or having the statement tape-recorded. Defense counsel also cross-examined a police detective about whether the defendant's statement was tape-recorded, video-recorded, or recorded by a court reporter. In closing argument, defense counsel argued that the defendant did not make the statement attributed to him. The jury was given IPI Criminal 3d No. 3.06-3.07 without the bracketed phrase, over defense counsel's objection. This court found on appeal that the trial court erred in failing to give the instruction without the bracketed phrase because the defendant was entitled to have the jury instructed on his theory of the case where there was some foundation for the instruction in the evidence. Richmond, 341 Ill. App. 3d at 52. The court determined that the cross-examination of the assistant State's Attorney and the police detective regarding the defendant's alleged statement could support the inference that the defendant's statement was fabricated. Richmond, 341 Ill. App. 3d at 52. The court stated that the bracketed phrase should have been included in the instruction because although "the inference drawn by defense counsel rested on a thin foundation, it contained enough vitality for presentation to the jury." Richmond, 341 Ill. App. 3d at 52. Nevertheless, the court determined that the error was harmless because the evidence was not closely balanced and the result of the trial would not have been different had the jury been properly instructed. Richmond, 341 Ill. App. 3d at 53.

Justice Hoffman wrote a concurrence wherein he agreed with the result the

majority reached, but disagreed that it was error to give the instruction without the bracketed phrase. The concurrence noted consistent case law such as Ramos, Moore, Garner, Lee and Fleming, that has held that the instruction was sufficient without the bracketed phrase when the defendant presented no evidence that he did not make the statement. Richmond, 341 Ill. App. 3d at 55 (Hoffman, J., specially concurring). It further stated that to conclude, solely based on the cross-examination of the assistant State's Attorney and the police detective that the defendant's statement was fabricated, would be nothing more than speculation, and a jury is not permitted to engage in guess, speculation or conjecture. Richmond, 341 Ill. App. 3d at 55 (Hoffman, J., specially concurring). Justice Hoffman noted that "innuendoes and insinuations, wholly unsupported by any evidence," were not sufficient to entitle a defendant to an instruction containing the bracketed phrase. Richmond, 341 Ill. App. 3d at 55 (Hoffman, J., specially concurring). The concurrence also cautioned that the established case law should not be read to stand for the proposition that a defendant must take the stand and deny making the statement attributed to him before he is entitled to have the bracketed phrase included in the instruction. Justice Hoffman concluded that the fact that the defendant's statement "was not videotaped, not recorded verbatim, and not in the defendant's own handwriting are certainly circumstances that the jury should consider in determining the weight to be given to the statement, but these facts, either individually or collectively, hardly constitute evidence supporting a reasonable inference that the statement was fabricated." Richmond, 341

12

Ill. App. 3d at 55-6 (Hoffman, J., specially concurring).

Here, as noted above, Richmond does provide some support for defendant's contention. Similar to Richmond, defense counsel cross-examined Detective Foria about defendant's alleged statement and Detective Foria admitted that he did not have defendant memoralize the statement in writing or on videotape. However, as noted in Justice Hoffman's concurrence, most case law has consistently held contrary to the majority's analysis. In following this case law, we find that when the defendant does not present any evidence that he did not make the statement, then the bracketed phrase in the instruction is properly omitted. As stated above, here, defendant did not testify or present any evidence that he denied making the statement. We do not find the cross-examination of Detective Foria sufficient to amount to "evidence that the defendant did not make the statement." The jury heard defense counsel's cross-examination of Detective Foria regarding defendant's statement and the inferences drawn therefrom. It was then for the jury to determine what weight should be given to the statement. We find no error in the instruction as given.

Rebuttal Closing Argument

Lastly, defendant contends that the State's rebuttal closing argument was improper. He argues that the State made several comments that shifted the burden of proof.

Defendant first points to the State's comment regarding defendant's alleged oral statement, "What evidence is there that this guy did not talk to the police and did not

13

tell them exactly what happened?" Defendant maintains that the State has the burden of proving defendant guilty beyond a reasonable doubt and the State may not make comments that shift the burden of proof to the defendant to present evidence.

Initially, we note that the State is given wide latitude in closing arguments. People v. Miller, 302 Ill. App. 3d 487, 495 (1998). Also, the State may comment on the evidence, draw inferences therefrom, and comment on the accused's credibility. Miller, 302 Ill. App. 3d at 495.

Defendant relies on People v. Giangrande, 101 Ill. App. 3d 397 (1981). In Giangrande, the State argued in closing argument, "'where's the evidence that the defendant didn't do it?'" (Emphasis omitted.) Giangrande, 101 Ill. App. 3d at 402. This court found that the State's comment "tended" to shift the burden of proof to the defense and it was error for the trial court to overrule the objection. Giangrande, 101 Ill. App. 3d at 402. The court noted that although "a prosecutor may comment on the uncontradicted nature of the State's case even where the only person who could have contradicted the State's evidence was the defendant himself," the State's comment went too far. Giangrande, 101 Ill. App. 3d at 402. The court found that the comment may have improperly suggested to the jury that the defendant had a burden to introduce evidence. Giangrande, 101 Ill. App. 3d at 402.

Here, the State's comment concerned defendant's alleged oral statement. The State did not ask, as in Giangrande, where was the evidence that the defendant did not commit the crime. Instead, the State asked where was the evidence that defendant did

14

not make the statement. We find that this was a fair comment in response to defense counsel's closing argument and on the evidence presented at trial. In his closing argument, defense counsel stated that the statement was not written down by a State's Attorney or court reporter and argued that "[s]o now all we have is what Detective Foria said [defendant] said." The State's comment asking "[w]hat evidence is there that this guy did not talk to the police and did not tell them exactly what happened," was in response to defense counsel's argument. The comment was also proper because it was a comment on the uncontradicted nature of the State's case. See People v. Skorusa, 55 Ill. 2d 577, 584 (1973) (it is permissible for a prosecutor to comment on the uncontradicted nature of the State's case even where the only person who could have contradicted the State's evidence was the defendant himself).

Defendant next points to the State's comment:

"Okay, folks. I guess one of two things must have happened. Either this defendant is the most unlucky person on the planet, really not the type of person who should be buying lottery tickets at all, always at the wrong place at the wrong time, always, or if we are going to go with the defense's arguments, everybody, including Jamie and Eric, Officers Plovanich, McNaughton, Detective Foria, all got together over breakfast and decided to frame poor Mack Echols."

It is generally improper for a prosecutor to argue that in order to believe the defendant or to acquit the defendant the jury must believe that the State's witnesses

15

are lying. Miller, 302 Ill. App. 3d at 497. However, our supreme court has made a distinction between two different versions of this argument. See People v. Coleman, 158 Ill. 2d 319, 346 (1994). If the State argues that in order to acquit the defendant the jury must believe that the State's witnesses are lying, the statement is a misstatement of law that shifts the burden of proof. Miller, 302 Ill. App. 3d at 497. If the State argues that in order to believe the defendant's version of the incident, the jury must believe that the State's witnesses are lying, is usually considered a misstatement of the evidence and a less serious error. Miller, 302 Ill. App. 3d at 497.

In Coleman, the State argued to the jury, "'in order to believe the [d]efendant you must believe that all the civilian witnesses, all the police, all the experts, lied. They got together to frame him.'" Coleman, 158 Ill. 2d at 345. The supreme court found that the statements were an improper comment on the evidence rather than a misstatement of law. Coleman, 158 Ill. 2d at 347. The court determined that the comment did not inform the jury that the defendant had the burden of proof; instead, the comment was a direct response to defense counsel's closing argument that many of the State's key witnesses had lied. Coleman, 158 Ill. 2d at 347.

In Miller, the State argued in closing argument that in order to find the defendant not guilty, the jury would have to find that the State's witnesses were lying. This court found on appeal that the statements were a misstatement of law that distorted the burden of proof, rather than a misstatement of the evidence. Miller, 302 Ill. App. 3d at 497. The court emphasized that the statement was particularly misleading because

16

none of the State's witnesses claimed to have seen the crime and the defense argued that one of the witnesses was mistaken rather than lying.  Miller, 302 Ill. App. 3d at 498.  The court further noted that the State's comments reinforced its error when it specifically argued that the State's witnesses were not mistaken and the jury would have to believe that they were lying in order to acquit the defendant.  Miller, 302 Ill. App. 3d at 498.

Here, we view the State's comments that the witnesses "all got together over breakfast and decided to frame poor Mack Echols" as a misstatement of the evidence rather than a misstatement of the law or a shift in the burden of proof.  The comments were more akin to the comments in Coleman that to believe the defendant, the jury would have to believe that all the witnesses lied in order to frame the defendant. Defense counsel argued in closing argument that defendant did not confess to committing the crime and that anyone could have placed the proceeds of the burglary in his house.  The State did not argue as in Miller that in order to acquit defendant the jurors must find that all of the State's witnesses were lying.  Even when a prosecutor's remarks exceed the bounds of proper comment, the verdict must not be disturbed unless it can be said that the remarks resulted in substantial prejudice to the accused, such that absent those remarks the verdict would have been different.  Coleman, 158 Ill. 2d at 347.  We cannot find that absent the State's remarks the verdict would have been different.  Therefore, defendant suffered no prejudice as a result of the comments.

17

Defendant additionally contends that the State created further prejudice because it improperly elicited evidence during trial from which the jury could have inferred that defendant was in a street gang. Defendant points to the State's direct examination of Officer Plovanich, the arresting officer, who stated that he was assigned to the gang unit of the18th district. Defendant also maintains that Officer Plovanich testified that he had knowledge that defendant was "wanted" and he knew defendant by his first name.

We note that defendant failed to object to the complained-of testimony at trial or in his posttrial motion. Therefore, defendant has waived the issue. See Enoch, 122 Ill. 2d at 186. Defendant does not acknowledge that the issue is waived and makes no plain error argument. Even if we were to address defendant's contention, we find that defendant has mischaracterized Officer Plovanich's testimony. Officer Plovanich testified that he was a Chicago police officer in the 18th district assigned to a gang unit. He also stated that he was aware that there was an investigative alert issued for defendant. When asked if he knew the first name of the individual, he said "yes." Officer Plovanich did not testify that he knew defendant by his first name as defendant contends; rather, he testified that he knew the first name of the individual for whom the investigative alert was issued. We fail to see how the complained of testimony prejudiced defendant.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

SOUTH, J., concurs.

1-05-3293

JUSTICE HALL, specially concurring:

I disagree with the majority's decision that instructing the jury with No. 3.06-07 without the bracketed phrase was not error. Our supreme court's committee on jury instructions stated in its note on the instruction that "[t]he bracketed phrase *** should be deleted only when the defendant admits making all the material statements attributed to him." IPI Criminal 4th No. 3.06-3.07, Committee Note.

The word "admit" is defined as "[t]o acknowledge; confess: *admit the truth* *** [t]o accept or allow as true or valid." (Italics in original.) The American Heritage Dictionary 80 (2nd College Edition. 1982). The defendant did not admit making the statement to Detective Foria. Instead, as did the courts in the cases cited by it, the majority relies on the fact that the defendant offered no evidence contradicting Detective Foria's testimony that the defendant confessed.

In Richmond, this court and Justice Hoffman in his specially concurring opinion agreed that prior case law did not require the defendant to give up his constitutional right to remain silent, i.e. not testify, in order to have the jury instructed with the bracketed phrase of the instruction. Richmond, 341 Ill. App. 3d at 52; see Richmond, 341 Ill. App. 3d at 55 (Hoffman, J., specially concurring). Nonetheless, Justice Hoffman rejected the view that inferences from cross-examination were sufficient to entitle the defendant to the bracketed phrase in the instruction. Richmond, 341 Ill. App. 3d at 55 (Hoffman, J., specially concurring).

In this case there were no other witnesses to the defendant's statement. Without

19

giving up his right not to testify, the defendant's only recourse was to challenge the detective's testimony by cross-examination. The detective's testimony was evidence from which inferences could properly be drawn to support the giving of the bracketed phrase. See People v. Buck, 361 Ill. App. 3d 923 (2005) (the failure of the police to videotape the defendant's statement gave rise to the inference that the statement was not made at all).

In Lange v. Freund, 367 Ill. App. 3d 641 (2006), the court addressed the extent to which recommendations and comments of the supreme court's committee on instructions controlled the giving of jury instructions. Noting that there had been no blanket prohibition of the instruction given in the case or a judicial analysis of the committee's recommendation, the court recognized that "the propriety of the trial court's instructions herein is not conclusively determined by the recommendations and comments of the supreme court's jury instruction committee." Lange, 367 Ill. App. 3d at 645. Still, Lange does not require that the committee's recommendations and comments be ignored, and, unlike Lange, the committee's note to No. 3.06-3.07 regarding the bracketed phrase was not in the nature of a recommendation but in the nature of a requirement.

In my view, prior case law, as well as the majority here, pays too little heed to the requirement that the defendant admit the statement in order for the instruction to be given without the bracketed phrase. In the present case, equating the defendant's failure to put forth evidence, which here could only consist of his own testimony, to an

20

admission that he made the statement, clearly violates the defendant's right not to testify. Protecting that right required that the bracketed phrase be given to the jury in this case. In any event, based on <u>Richmond</u>, the defendant was also entitled to the bracketed phrase based on the inferences from the cross-examination of Detective Foria. <u>Richmond</u>, 341 Ill. App. 3d at 52.

While the failure to give the bracketed portion of the instruction was error, I am also convinced that had the jury been given the proper instruction, the result of the trial would not have been different. Therefore the error was harmless, and the defendant's conviction should be affirmed. See <u>Richmond</u>, 341 Ill. App. 3d at 53.

1-05-3293

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

THE PEOPLE OF THE STATE OF ILLINOIS,

     Plaintiff-Appellee,

v.

MACK ECHOLS,

     Defendant-Appellant.

No. 1-05-3293

Appellate Court of Illinois
First District, Second Division

April 22, 2008

JUSTICE KARNEZIS delivered the opinion of the court.

SOUTH, J., concurs, HALL, J., specially concurring.

Appeal from the Circuit Court of Cook County.

The Honorable Thomas R. Sumner, Judge Presiding.

For APPELLANT, Michael J. Pelletier, Deputy Defender, Office of the State Appellate Defender (Joshua A. Tepper, Assistant Appellate Defender, of counsel)

For APPELLEE, Richard A. Devine, Cook County State's Attorney (James E. Fitzgerald, Alan J. Spellberg, Kathleen Warnick, Hareena Meghani-Wakely, Assistant State's Attorneys, of counsel).