Fourth Division
June 30, 2010

No. 1-07-2101

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | 04 CR 26287 |
| | ) | |
| RODERICK SMITH, | ) | Honorable |
| | ) | William G. Lacy, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE NEVILLE delivered the opinion of the court:

Roderick Smith, the defendant, was found guilty by a jury of the attempted murder of a peace officer and of aggravated battery of a peace officer. On appeal, defendant challenges only the attempted murder conviction. He argues: (1) prosecutorial comments in closing argument deprived him of a fair trial; (2) the court should have instructed the jury on the lesser-included offense of reckless conduct; and (3) the prosecution did not prove intent to murder. We reverse the attempted murder conviction because the State violated the defendant's right to a fair trial when the prosecutor shifted the burden of proof, during her closing argument, by making repeated comments about the defendant's decision not to testify at his trial.

BACKGROUND

In the course of an ongoing investigation into defendant's activities, police prepared to arrest him. When police officers located defendant's car on the south side of Chicago on October 5, 2004,

unmarked cars converged on the area around 79th and King Drive and the police officers secreted their unmarked police cars near the defendant's car. Once defendant returned to his car, an officer drove up next to defendant's car and boxed the car into its parking spot. Marked police cars, with sirens wailing and lights flashing, came to the scene. Officer Dwayne Johnson got out of his unmarked car and approached defendant's car. Officer Johnson stood on the sidewalk about 20 feet in front of defendant's car, held out his badge and identified himself as a police officer.

Defendant drove his car onto the sidewalk, hitting Officer Johnson's side as the officer dove out of the way. Several civilians on the sidewalk scurried away from defendant's car. The car knocked down a store's awning before turning back to the street, where it crashed head on into an unmarked police car. Police officers arrested the defendant as he got out of the car, and they found a gun on the floor of the car. Officer Johnson was taken to a hospital, where he received treatment for a contusion to his head, but he had no broken bones and lost no time from work. Finally, the defendant was indicted and charged with aggravated battery and attempted murder of Officer Johnson.

At trial, the prosecution called Officer Johnson, who testified that he was dressed in civilian clothes on the day of defendant's arrest. Officer Johnson testified that defendant looked down at the floor in his car, and then the defendant stared at Officer Johnson before the defendant gunned the engine and drove straight at Officer Johnson. Other police officers estimated that, after the police officers identified themselves, defendant sat in his car for about 15 seconds before driving his car onto the sidewalk.

Defense counsel called no witnesses to testify for the defendant. However, while the

defendant was putting on his case, the parties entered into a stipulation that officers at the scene ticketed defendant for driving on the sidewalk and for eluding the police.

During the instruction conference, defendant sought an instruction on the lesser-included offense of reckless conduct. The court refused to give a reckless conduct instruction.

In closing, defense counsel argued that the State's evidence showed that the defendant had an intent to escape, but did not show that defendant had an intent to kill Officer Johnson. Defense counsel also argued that when defendant looked down at the floor in his car, he looked at his gun and made a conscious decision not to use it.

In rebuttal, the prosecutor made the following argument:

"Have you heard any evidence that he didn't know they were the police?"

The court overruled defense counsel's objection. The rebuttal continued:

"You didn't hear anything from that witness stand. You didn't hear any evidence that he didn't know they were the police.

[Defense counsel]: Objection.

THE COURT: Okay. Move along.

[Prosecutor]: Similarly you didn't hear any evidence that he wasn't trying to kill anyone.

[Defense counsel]: Objection.

THE COURT: Overruled."

The jury found defendant guilty of the attempted murder of a peace officer and aggravated battery of a peace officer. The trial court sentenced defendant to 35 years in prison for attempted

murder and to a 5-year term for aggravated battery, with the sentences to run concurrently. In his notice of appeal, defendant lists only the attempted murder conviction as the conviction from which he takes this appeal. Therefore, we have no jurisdiction to review the aggravated battery conviction. See In re V.M., 352 Ill. App. 3d 391, 397 (2004); People v. Fitzgerald, 25 Ill. App. 3d 973, 975 (1975).

ANALYSIS

Fair Trial

First, defendant contends that the prosecutor's rebuttal argument deprived him of a fair trial. Trial courts allow prosecutors a great deal of latitude in closing argument. People v. Cisewski, 118 Ill. 2d 163, 175 (1987). We view closing arguments in their entirety and examine the prosecutor's remarks in context. People v. Blue, 189 Ill. 2d 99, 128 (2000); People v. Stock, 56 Ill. 2d 461, 467 (1974); People v. Neumann, 148 Ill. App. 3d 362, 373-74 (1986). "Misconduct in closing argument is substantial and warrants reversal and a new trial if the improper remarks constituted a material factor in a defendant's conviction. [Citation.] If the jury could have reached a contrary verdict had the improper remarks not been made, or the reviewing court cannot say that the prosecutor's improper remarks did not contribute to the defendant's conviction, a new trial should be granted." People v. Wheeler, 226 Ill. 2d 92, 123 (2007), citing People v. Linscott, 142 Ill. 2d 22, 28 (1991). Our supreme court has applied both abuse of discretion analysis and *de novo* review to alleged prosecutorial misconduct in closing argument. Compare Blue, 189 Ill. 2d at 128 (the trial court's determination of the propriety of the remark will not be disturbed absent an abuse of discretion), with Wheeler, 226 Ill. 2d at 121 (whether statements made by a prosecutor at closing argument were so

egregious that they warrant a new trial is a legal issue this court reviews *de novo*). We review the remarks here for abuse of discretion because the trial court overruled the defendant's objections to the prosecutor's remarks, but we note that we would reach the same result with *de novo* review. See People v. Johnson, 385 Ill. App. 3d 585, 603 (2008).

Here, defendant objects specifically to three closely related remarks. The prosecutor made the following statements during her rebuttal argument:

"Have you heard any evidence that he didn't know they were the police?

* * *

*** You didn't hear anything from that witness stand. You didn't hear any evidence that he didn't know they were the police.

* * *

Similarly you didn't hear any evidence that he wasn't trying to kill anyone."

Our review of the record revealed that the trial court did not sustain defendant's objections to the prosecutor's three remarks. Defendant contends that the prosecutor's remarks shifted the burden of proof and impermissibly drew attention to his decision not to testify. "An accused has a constitutional right not to testify as a witness in his own behalf. [Citations.] The prosecution may not directly or indirectly comment on the defendant's failure to take the stand in his own defense." People v. Herrett, 137 Ill. 2d 195, 210-11 (1990), citing Griffin v. California , 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965); People v. Arman, 131 Ill. 2d 115, 127 (1989); People v. Lyles, 106 Ill. 2d 373, 390 (1985); People v. Burton, 44 Ill. 2d 53, 56-57 (1969); and People v. Wollenberg, 37 Ill. 2d 480, 488 (1967).

1-07-2101

Our supreme court explained the test this court must use to determine whether a prosecutor's argument violated a defendant's right to remain silent as follows:

"The appropriate test for determining whether a defendant's right to remain silent has been violated is whether 'the reference [was] intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify.' [Citations.] The prosecutor may comment on the uncontradicted nature of the State's case [citations], and, where motivated by a purpose of demonstrating the absence of any evidentiary basis for defense counsel's argument rather than a purpose of calling attention to the fact that defendant had not testified, such argument is permissible [citation]. Moreover, a defendant cannot ordinarily claim error where the prosecutor's remarks are in reply to and may be said to have been invited by defense counsel's argument." People v. Dixon, 91 Ill. 2d 346, 350-51 (1982), quoting People v. Hopkins, 52 Ill. 2d 1, 6 (1972), and citing People v. Mentola, 47 Ill. 2d 579, 582 (1971); People v. Mills, 40 Ill. 2d 4, 8 (1968); Wollenberg, 37 Ill. 2d at 488; People v. Skorusa, 55 Ill. 2d 577, 584 (1973); People v. Norman, 28 Ill. 2d 77, 81 (1963); People v. Jones, 47 Ill. 2d 66, 67-70 (1970); People v. Vriner, 74 Ill. 2d 329, 344 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 296, 99 S. Ct. 2858 (1979); People v. Zuniga, 53 Ill. 2d 550, 558 (1973); and People v. Bey, 51 Ill. 2d 262, 266 (1972).

The State claims that defense counsel invited the prosecutor's remarks, but the State does not cite any page of the record or quote an argument or comment made by defense counsel that invited

or would justify the prosecutor's remarks concerning defendant's failure to present evidence that he did not know Johnson was a police officer. Defense counsel in his closing argument never suggested that defendant did not know Johnson was a police officer. More importantly, "a defendant in a criminal case can never 'open the door' to shift the burden of proof." People v. Beasley, 384 Ill. App. 3d 1039, 1048 (2008). Therefore, we find that defense counsel did not invite the prosecutor's remarks.

In this case, because defense counsel's closing argument did not invite the prosecutor's rebuttal remarks, we see no purpose for the prosecutor's remarks other than to draw the jury's attention to defendant's decision to exercise his federal[1] and state[2] constitutional right not to testify and be a witness against himself. By overruling defense counsel's objections, the trial court in effect permitted the jury to infer defendant's guilt from his failure to present evidence in his own behalf. The trial court's rulings on defendant's objections "[were] in effect sanctioning an erroneous burden of proof before the eyes of the jury." Beasley, 384 Ill. App. 3d at 1048. Here, the prosecutor's remarks violated defendant's right to remain silent. See People v. Edgecombe, 317 Ill. App. 3d 615, 621 (2000); People v. Blissitt, 12 Ill. App. 3d 551, 555 (1973). The prosecutor's remarks also shifted the burden of proof to the defendant. See People v. Giangrande, 101 Ill. App. 3d 397, 402 (1981);

---

[1] "No person *** shall be compelled in any criminal case to be a witness against himself." U.S. Const., amend V.

[2] "No person shall be compelled in a criminal case to give evidence against himself***." Ill. Const. 1970, art. I, §10.

People v. Fluker, 318 Ill. App. 3d 193, 203 (2000). Accordingly, we hold that the trial court abused its discretion when it overruled defendant's objections to the prosecutor's remarks.

Although the prosecutor violated the defendant's federal and state constitutional rights and shifted the burden of proof, the prosecutor's improper closing remarks do not warrant reversal unless they could have affected the jury's verdict. As we discuss below, the prosecution produced sufficient evidence to support the convictions. However, the evidence that defendant received tickets for driving on the sidewalk and eluding police[3] could also support an inference that defendant intended only to flee or elude police and, while fleeing, that he acted with a reckless indifference for Officer Johnson's life. A person acts with a reckless mental state when he consciously disregards a substantial and unjustifiable risk that a result will follow, and such disregard constitutes a gross deviation from the standard of care a reasonable person would exercise in the situation. 720 ILCS 5/4-6 (West 2004). Here, the police cars blocked defendant's car and prevented him from leaving the scene or fleeing by any means other than driving on the sidewalk. We also note that the defendant had a gun in his car, and if he had intended to kill the officer, he could have, but he did not shoot Officer Johnson. The trier of fact could infer from defendant's driving on the sidewalk that

---

[3]Section 11-204 of the Illinois Vehicle Code provides that "[a]ny driver or operator of a motor vehicle who, having been given a visual or audible signal by a peace officer directing such driver or operator to bring his vehicle to a stop, wilfully fails or refuses to obey such direction, increases his speed, extinguishes his lights, or otherwise flees or attempts to elude the officer" commits the offense of fleeing or eluding the police. 625 ILCS 5/11-204 (West 2004).

defendant had either a specific intent to kill or a reckless state of mind while attempting to flee or elude police. Because the defendant had a gun but did not use the gun, a trier of fact could also infer that the defendant did not have a specific intent to kill the officer. Therefore, we cannot say that the prosecutor's improper remarks did not contribute to the finding of guilt on the charge of attempted murder. Accordingly, by directing the jury's attention to defendant's election not to testify and thus shifting the burden of proof, the prosecutor's remarks denied the defendant a fair trial on the attempted murder charge.

Jury Instructions

Next, defendant argues that the trial court should have instructed the jury on the lesser-included offence of reckless conduct. 720 ILCS 5/12-5 (West 2004). Defendant admits that he forfeited the argument by failing to raise it in his posttrial motion. We address the issue solely to provide guidance for the trial court on remand, because the lesser-included-offense instruction will likely be an issue. See People v. Hanson, 83 Ill. App. 3d 1108, 1113 (1980). "A defendant is entitled to a lesser-included offense instruction only if an examination of the evidence reveals that it would permit a jury to rationally find the defendant guilty of the lesser offense yet acquit the defendant of the greater offense." People v. Hamilton, 179 Ill. 2d 319, 324 (1997), citing People v. Jones, 175 Ill. 2d 126, 135 (1997); People v. Landwer, 166 Ill. 2d 475, 486 (1995). Even slight evidence may warrant an instruction on a lesser-included offense. In re Matthew M., 335 Ill. App. 3d 276, 284 (2002), citing Jones, 175 Ill. 2d at 131-32. The evidentiary requirement " 'may be satisfied if the conclusion as to the lesser offense may fairly be inferred from the evidence presented.' " People v. Garcia, 188 Ill. 2d 265, 284 (1999), quoting People v. Novak, 163 Ill. 2d 93,

- 9 -

108 (1994). "Where some evidence supports the instruction, the circuit court's failure to give the instruction constitutes an abuse of discretion." People v. Castillo, 188 Ill. 2d 536, 540 (1999), citing People v. DiVincenzo, 183 Ill. 2d 239, 249 (1998).

The mental state required for reckless conduct distinguishes that offense from attempted murder. See People v. Upton, 230 Ill. App. 3d 365, 375 (1992). In Upton, the defendant fired two shots in the direction of a truck towing away his car. One shot injured the truck's driver. At the trial on a charge of attempted murder, the defendant testified that he aimed at the truck's tires because he believed the truck driver was stealing the defendant's car. The trial court denied the defendant's request for an instruction on reckless conduct. The Upton court held:

> "From the evidence in its entirety, the jury could have concluded that in shooting a gun while running after a moving vehicle occupied by two persons, defendant consciously disregarded the substantial risk that one or both of the persons would be struck by the bullets; and that his disregard of this risk constituted a gross deviation from the care which a reasonable person, even one who believed that his car was being stolen, would exercise in the same situation.
>
> ***
>
> *** The crux of the issues raised by the defendant on appeal is that the jury was improperly precluded from hearing evidence supporting, and from considering the law applicable to, his theory of defense.
>
> From its verdict, it is clear that the jury believed that defendant was guilty of something; but it was not provided with that 'important third option' of finding

- 10 -

defendant guilty of a lesser offense than those charged. [Citation.] In a jury trial, it is the province of the jury to determine whether defendant is guilty of the greater offense charged or of a lesser-included offense; and an instruction on the lesser offense must be given if there is any evidence which tends to prove the lesser crime." Upton, 230 Ill. App. 3d at 376-77, quoting People v. Bryant, 113 Ill. 2d 497, 502 (1986), and citing People v. Perry, 19 Ill. App. 3d 254, 258 (1974).

Here, as in Upton, defense counsel argued that the defendant's conduct showed recklessness, not an intent to kill. The evidence - - the defendant's driving and his decision not to use the gun in his car, coupled with the fact that he received a ticket for driving on the sidewalk and for fleeing or eluding the police - - could support an inference that defendant consciously disregarded a substantial and unjustifiable risk to Officer Johnson, and his disregard of that risk constituted a gross deviation from the standard of care that a reasonable person would exercise while driving a car. See 720 ILCS 5/4-6 (West 2004). The police officer's tickets for driving a car on a sidewalk and for fleeing provide some evidence for giving another instruction. The trial court should not have usurped the jury's function of weighing the evidence to decide if the prosecution proved that defendant acted recklessly, or if he acted with the specific intent to kill Officer Johnson. The trial court's refusal to give the lesser-included-offense instruction denied the jury the important option of finding defendant guilty of a lesser charge. Therefore, because we find the evidence could be rationally used by the jury to find the defendant guilty of the lesser-included offense, we direct the trial court on remand to instruct the jury on the lesser-included offense of reckless conduct.

Sufficiency of the Evidence

Finally, defendant argues that the evidence did not prove beyond a reasonable doubt that he had the mental state, a specific intent, to murder Officer Johnson. We will not reverse a conviction for insufficient evidence unless the evidence is "so unreasonable, improbable or unsatisfactory as to create a reasonable doubt of the defendant's guilt." People v. Rowell, 229 Ill. 2d 82, 98 (2008), citing People v. McDonald, 168 Ill. 2d 420, 444 (1995). We must decide "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Rowell, 229 Ill. 2d at 98, citing McDonald, 168 Ill. 2d at 443-44.

To prove defendant guilty of attempted murder, the prosecution must prove that defendant intended to kill and he took a substantial step toward killing his intended victim. See People v. Parker, 311 Ill. App. 3d 80, 89 (1999). Defendant here challenges only the State's evidence of intent. "Because intent is a state of mind, it can rarely be proved by direct evidence. As a result, this court has recognized that where intent is not admitted by the defendant, it can be shown by surrounding circumstances [citation], including the character of the assault and the nature and seriousness of the injury [citation]." People v. Williams, 165 Ill. 2d 51, 64 (1995), citing People v. Koshiol, 45 Ill. 2d 573, 578 (1970), and People v. Mays, 230 Ill. App. 3d 748, 756 (1992). Our supreme court has held:

" 'Since every sane man is presumed to intend all the natural and probable consequences flowing from his own deliberate act, it follows that if one wilfully does an act, the direct and natural tendency of which is to destroy another's life, the natural and irresistible conclusion, in the absence of qualifying facts, is that the destruction

- 12 -

of such other person's life was intended.' " Koshiol, 45 Ill. 2d at 578, quoting People

v. Coolidge, 26 Ill. 2d 533, 537 (1963).

Defendant looked at Officer Johnson for 15 seconds, then pressed the gas pedal and drove

his car, a deadly weapon (see People v. Belk, 203 Ill. 2d 187, 196 (2003)), in Officer Johnson's

direction. The car headed straight at Officer Johnson. Defendant did not slow down or swerve. The

natural consequence of the defendant's act would be to cause Officer Johnson harm or to destroy

Officer Johnson's life had he not dived out of the way. While jurors might have inferred from the

evidence, if given the reckless conduct instruction, that defendant was only trying to flee or elude

police and acted with reckless indifference for Officer Johnson's life, the jurors, instead, inferred

from the evidence that defendant possessed the requisite intent to kill Officer Johnson. Accordingly,

viewing the evidence in the light most favorable to the prosecution, the evidence sufficiently

supports the jury's finding that defendant attempted to murder Officer Johnson. See Rowell, 229

Ill. 2d at 98, citing McDonald, 168 Ill. 2d at 443-44.

CONCLUSION

In conclusion, we find the evidence sufficient to support the defendant's conviction for

attempted murder. However, we agree with defendant that the prosecutor's improper comments to

the jury violated his federal and state constitutional right not to testify and shifted the burden of proof

from the State to the defendant. Because the evidence regarding defendant's driving could establish

a specific intent to kill or a reckless state of mind, we cannot say that the prosecutor's improper

comments did not influence the jury's verdict on the charge of attempted murder. The trial court

invaded the province of the jury by only giving the instruction for the greater offense of attempted

- 13 -

murder and by failing to give the instruction for the lesser offense of reckless conduct. While we find the evidence was sufficient to convict the defendant, a new trial is required on the charge of attempted murder because the defendant did not receive a fair trial. People v. Davis, 377 Ill. App. 3d 735, 747 (2007), citing People v. Taylor, 76 Ill. 2d 289, 309 (1979).

Therefore, we reverse the attempted murder conviction and remand for a new trial on that charge and direct the trial court to instruct the jury on the lesser-included offense of reckless conduct. Because defendant does not challenge the conviction and sentence for aggravated battery, that part of the judgment will stand. Finally, in the event the trial court finds defendant guilty of attempted murder on remand, it must vacate the judgment on the lesser-included offense of aggravated battery (see People v. Bowens, 307 Ill. App. 3d 484, 494 (1999) (aggravated battery a lesser-included offense of attempted murder); People v. Lopez, 245 Ill. App. 3d 41, 47 (1993) (same); People v. Johnson, 219 Ill. App. 3d 460, 464-65 (1991) (same)) because the conviction for aggravated battery, the lesser-included offense, will merge into the conviction for attempted murder, the greater offense. People v. Cunningham, 365 Ill. App. 3d 991, 994 (2006).

## Petition for Rehearing

In a petition for rehearing, the State contends that the decisions in People v. Glasper, 234 Ill. 2d 173 (2009), and People v. Echols, 382 Ill. App. 3d 309 (2008), demand affirmance here. We disagree. In both of those cases, the prosecutors' comments responded to the absence of evidence supporting the arguments defense counsels actually made in their closings. See Glasper, 234 Ill. 2d at 212; Echols, 382 Ill. App. 3d at 318-19. Here, we face a factually different case. The prosecutor commented that defendant failed to present evidence that he did not know that Johnson was a police

officer, when defense counsel's closing argument–-that the State's evidence failed to show that the defendant had an intent to kill Johnson-- never suggested that the defendant did not know that Johnson was a police officer. Only the defendant could provide evidence concerning his knowledge of Johnson's status. Thus, the prosecutor's comment directed attention to the defendant's failure to testify, without responding to defense counsel's closing argument. Glasper and Echols did not involve similar prosecutorial misconduct. Accordingly, given the facts of this case, those cases do not demand affirmance here.

Affirmed in part and reversed in part; cause remanded with directions.

O'MARA FROSSARD, P.J., and GALLAGHER, J., concur.